(Decided April 1st, 1898).

---

WILLIAM B. SELBY *vs.* JAMES M. CASE ET AL.

*Voluntary Promise Under Seal Not Enforceable in Equity—Creditor's Bill Against Decedent's Estate—Defences.*

Equity will not enforce the payment of promissory notes, although under seal, when there was no consideration for the same between the parties.

Under a creditor's bill against the real estate of a deceased debtor, the defendants may make the same defences against the validity of the plaintiff's claim that could have been made by the debtor himself in his lifetime, and none other.

Appeal from a decree of the Circuit Court for Montgomery County (HENDERSON, J.), dismissing the bill of complaint.

The cause was argued before McSHERRY, C. J., BRYAN, PAGE, BOYD and PEARCE JJ. (Jan. 14, 1898).

*W. Veirs Bouic, Jr.* (with whom was *Thomas Anderson* on the brief), for the appellant.

*Robert B. Peter*, for the appellee.

BRYAN, J., delivered the opinion of the Court.

William B. Selby filed a bill in equity wherein he alleged that he was a creditor of Mary A. Case, deceased, and that her personal estate was not sufficient for the payments of her debts. The bill prayed for a sale of her real estate in aid of the personalty for this purpose. The heirs of the decedent were made defendants. After answers, issue and testimony the Court dismissed the bill and the complainant appealed.

There can be no question on the issues in the case, and the testimony that Mrs. Case executed and delivered to Selby two notes under seal, of the amount of five hundred dollars each, with interest from date ; and dated respectively September and November, eighteen hundred and eighty-eight. Mrs. Case was Selby's mother, and the defendants were her children and children-in-law. It is set up as a defence that there was no indebtedness of Mrs. Case to Selby ; but that a fraudulent combination had been formed between them to cheat Selby's creditors, and to prevent the collection of the debts due to them ; and that the giving of these notes was a part of the scheme devised for this purpose. There is no doubt that Selby confessed a judgment in favor of Mrs. Case for one thousand dollars, and that it was entered to the use of Selby's wife. There is also no doubt that for the alleged consideration of one thousand dollars he conveyed to her the land on which he was living

and his household and kitchen furniture and other personal property, and that this land and personal property, for an alleged consideration of the same amount, were immediately conveyed by her to Selby's wife.   We are satisfied from the proof that there was no real consideration either for the judgment or its entry to the use of Mrs. Selby, or for either of the deeds ; and that the intention of the whole proceeding was to shield Selby's property from the just claims of his creditors.   But we do not see how the execution of the notes in question in this case would have any tendency to sustain the judgment or the deed.   The existence of these notes would tend to negative the conclusion that Selby was indebted to the maker of them, and would therefore draw in question the *bona fides* of the alleged indebtedness for which the judgment was confessed and the deed executed. But if it were otherwise, the question would be of no consequence in this case, for a reason which we will state.   The defendants are entitled to make the same defences against the validity of these notes which could have been made by the maker in her lifetime, but none other.   If a fraud had been perpetrated on Mrs. Case by the obligee of these sealed notes they could not be enforced against her estate, real or personal, after her decease.   But the allegation is that she executed them in pursuance of a combination with the obligee made for the purpose of practising a fraud on other persons, to-wit, his creditors.   And this charge, if true, would present a very different inquiry.   If she, or her estate, could be relieved from responsibility on this ground, she, or her heirs, would in this way make her own turpitude a successful defence.   The policy of the law has sometimes been constrained to admit such a defence, from the necessity of avoiding greater evils.   The general principle is, however, well settled by the authorities, that the law will not permit a party to a fraudulent transaction to derive any benefit from it when an attempt is made to rely on the fraud.   In *Cushwa* v. *Cushwa's Lessee*, 5 Md. 44, in an action of ejectment the defendants maintained that the title

of the plaintiff's lessor was conveyed to him by a deed from their deceased father, which was made in fraud of his creditors. This Court disallowed the defence. In the opinion the question was very fully and carefully considered, and many interesting cases were cited, which had been decided in this Court and other Appellate Courts. It was said: " The Courts have repeatedly declined to suffer a grantor to rely upon the fraud, when, as plaintiff or complainant, he is claiming relief against the effect of his deed, or when, as defendant, he is resisting the claim of the grantee. The case of *Stewart* v. *Iglehart*, 7 G. & J. 132, is one of the latter class of cases ; and that of *Freeman and Sedwick* v. *Sedwick*, 6 Gill, 29, is one of the former class." And *Stark* v. *Littlepage*, 4 Randolph's Reports, 372, was quoted with approbation, where it was said : " If, for the purpose of frustrating the original design of such transactions, it may be necessary either to enforce such contracts at law or to grant relief against them in equity, it will be done, notwithstanding both the parties are *in pari delicto*." And it was further said : " The contract is enforced or avoided both at law and in equity ; as may best answer the purpose of discouraging the fraud or contract against the policy of the law. " We do not think it necessary to pursue this discussion ; because there is a fact which must decide this case independently of every other question.

We are satisfied that Mrs. Case gave these notes to her son of her own free will and accord, simply with the desire of benefiting him. There was some vague testimony about the sale of a horse and a wagon ; but we think that she was not in any way indebted to him, and that the notes were given without valuable consideration. They were under seal. A seal imports a consideration ; that is to say, it supplies its place, and makes a contract as valid as if value had been actually paid and received. In a suit at law a judgment might have been obtained on these notes. But in equity remedial justice is administered on very different principles. The Court will not lend its aid by decreeing

the execution of a contract unless meritorious circumstances exist which ought in justice to require the exertion of its powers. It will do full and complete justice as far as its jurisdiction will extend. But it does not look with favor on a bare naked right founded on the technicalities of the law. Hence it has always been held that it will not enforce an executory contract which is merely voluntary, and not founded on a valuable consideration really and actually existent. Many illustrations might be given of the application of this principle. One from our own reports will suffice. In *Snyder and Wife* v. *Jones*, 38 Md. 542, the female appellant, when unmarried, had executed a covenant under seal to pay the appellee a sum of money. It was stated on its face to be made for value received. Under the circumstances of the case it was necessary to make application to a Court of Equity to obtain payment. This Court said that it was an executory contract for the payment of money ; and it found from the evidence that it was made without consideration. We will quote an extract from the opinion : " In such case, the Court acts upon the same principle as governs it in a proceeding for specific performance ; and the general rule is correctly stated by JUDGE STORY to be now established 'that the Court will not execute a voluntary contract, but will withhold assistance from a volunteer, whether he seeks to have the benefit of a contract or a covenant, or a settlement.'" 1 *Story Eq. J.* sec. 793 *d.* In *Pulvertoft* v. *Pulvertoft*, 18 Ves. 84, LORD ELDON said : " The distinction is settled that in the case of a contract merely voluntary (I do not speak of a valuable or meritorious consideration), this Court will do nothing. But if it does not rest in voluntary agreement, but an actual trust is created the Court does take jurisdiction." It was said by LORD CHANCELLOR NOTTINGHAM, in *Jefferys* v. *Jefferys*, 1 Craig & Phil. 138, 141: "The principle of the Court is to withhold its assistance from a volunteer, whether he seeks to have the benefit of a contract, a covenant or a settlement." The facts in *Duttera* v. *Babylon*, 83 Md. 536,

were different from these in this case ; but the principle of the decision is the same.

As the appellant had no cause of action which a Court of Equity could enforce the decree must be affirmed.

*Affirmed with costs.*

(Decided April 1st, 1898).