VAIN, ET UX. *v.* GORDON

[No. 110, September Term, 1967.]

*Decided March 4, 1968.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, BARNES, FINAN and SINGLEY, JJ.

*Thomas A. Rymer* for appellants.

*Kenneth E. Pruden,* with whom was *George T. Burroughs* on the brief, for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The payee of a note under seal made in 1965, payable one year after date, caused judgment by confession to be entered in the Circuit Court for Prince George's County in April 1966 for the full amount of the note and interest and attorney's fee, all as authorized by the terms of the note, when the note was not paid when due.

A timely motion to vacate the judgment on the ground that there was no consideration for the note was granted (the lien being retained), and the makers were given fifteen days to file responsive pleas. The makers filed the general issue pleas in assumpsit and, in due course, the case came on for trial before a jury. The plaintiff payee testified that the note had been signed by the defendant makers, husband and wife, and delivered to him, and that nothing had been paid thereon, whereupon the note was admitted in evidence. The court would not permit the makers to inquire into the matter of consideration for the note or to show that there was none and, when the makers offered no other defense, directed a verdict for the payee.

The contest of the parties in this Court is between the makers' theory that under *Citizens National Bank v. Custis,* 153 Md. 235, lack of consideration for a negotiable instrument, whether or not under seal, may be shown under the general issue plea,[1]

---

1. "The logical and necessary conclusion would seem to be that the legislative intent was to put negotiable papers, whether sealed or unsealed, on a common substantive and procedural equality, and

and the payee's theory that under Maryland Rule 342 c 1 (1) a denial of consideration for a contract under seal must be specially pleaded.[2]

The parties proceeded below and here on the assumption that the note is negotiable, although the payee contends and the makers concede that if the note is not negotiable, Rule 342 c 1 (1) and *Roth v. Baltimore Trust Co.,* 161 Md. 340, require that the defense of lack of consideration for the non-negotiable instrument under seal must be specially pleaded, and cannot be availed of under the general issue pleas.

We find the note to be non-negotiable. It is identical in its language authorizing confession of judgment in any court "as of any term" with the note before us in *Stankovich v. Lehman,* 230 Md. 426, in which we held that under the Negotiable Instruments Act the authorization to confess judgment "as of any term" permitted entry of judgment at any time prior to the maturity of the note and therefore destroyed negotiability.

The Uniform Commercial Code does not appear to have changed the law on the point. Code (1964 Repl. Vol.), Art. 95B, § 3-112 (1) (d), provides that "the negotiability of an in-

---

so to permit this defense of a total or partial failure of consideration to be made without reference to the presence or absence of a seal to an instrument of writing, if otherwise negotiable. * * * and, so far as procedure is concerned, no distinction is to be made in the pleadings by reason of the presence or absence of a seal upon the instrument, but in every such suit at law it will be sufficient for the defendant to set up his defense of an absence or total or partial failure of consideration under the general issue plea of either the defendant never promised as alleged, or was never indebted as alleged." (p. 242 of 153 Md.)

2. Roth v. Baltimore Trust Co., 161 Md. 340, 348, held: "The general issue pleas filed in this case permit, therefore, any matter of defense or discharge, except a denial of the incorporation of the plaintiff, the execution of the specialty, and the consideration for the nonnegotiable contract under seal, to be available to the defendant, except those defenses which must have been presented either by a special plea or by some other form of express denial in an action of assumpsit prior to the enactment of this provision. Citizens' Nat. Bank v. Custis, 153 Md. 235, 241, 242, 138 A. 261, 53 A.L.R. 1165."

strument is not affected by * * * a term authorizing a confession of judgment on the instrument if it is not paid when due * * *." We said in *Stankovich* ᴀat page 430) :

> "It would seem logical that if the statute, as it does, preserves negotiability only if the confession of judgment is at or after maturity, the warrant to confess must expressly, or by necessary implication, restrict its exercise to that time if the note is to be negotiable, and that if the warrant is silent as to the time when it can be exercised, the reasonable implication must be that it can be done at any time. Most of the cases involving this general area of the law have arisen in Pennsylvania, and the Courts of that State have held that notes containing stipulations for confession of judgment without specification or limitation as to time are, like those expressly authorizing judgment prior to maturity, nonnegotiable."

The Pennsylvania Courts have read the Uniform Commercial Code as not changing the law and have continued to hold that a provision in a note authorizing confession of judgment before the note is due renders it non-negotiable. *Smith v. Lenchner,* 205 A. 2d 626 (Pa. Super. Ct. 1964) ; *Fidelity Trust Co. v. Gardiner,* 155 A. 2d 405 (Pa. Super. Ct. 1959) ; *Bittner v. McGrath,* 142 A. 2d 323 (Pa. Super. Ct. 1958). In 1 *Anderson's Uniform Commercial Code* 528 (1961), the author says :

> "Negotiability is not affected by a provision authorizing the confession of judgment upon default when the instrument is due. If the instrument authorizes a confession of judgment before default or before the instrument is due the instrument is nonnegotiable."

We conclude that the lower court did not err in excluding the defense of want of consideration under the circumstances of the case before us.

*Judgment affirmed, with costs.*