758 A.2d 567

**John P. VENNERS**

v.

**Henry H. GOLDBERG.**

No. 5999, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Aug. 30, 2000.

William N. Coggins (Coggins, Harman & Hewitt, on the brief), Silver Spring, for appellant.

H. Van Sinclair (Nancy S. Appel and Arent, Fox, Kintner, Plotkin & Kahn, on the brief), Washington, DC, for appellee.

Argued before BYRNES, ROBERT F. FISCHER (Retired, specially assigned) and MARVIN H. SMITH (Retired, specially assigned), JJ.

BYRNES, Judge.

John P. Venners, appellant, challenges the grant of summary judgment by the Circuit Court for Montgomery County, in favor of Henry H. Goldberg, appellee, on Goldberg's action for monies due on a sealed promissory note. He poses two questions for review, which we have combined and rephrased:

> Did the lower court err in determining that there was no genuine dispute of material fact as to whether there was a failure of consideration?

## FACTS

Venners executed a promissory note ("Note") in which, over a three month period, he agreed to pay Goldberg $150,000 plus interest. The Note was dated "as of April 10, 1990," and

was signed by Venners under seal. It reads, in pertinent part:

> FOR MONEY RECEIVED, the undersigned **JOHN P. VENNERS**, ... (Maker), promises to pay to the order of **HENRY H. GOLDBERG**, ... (Payee), the principal sum of **ONE HUNDRED FIFTY THOUSAND DOLLARS** ($150,000.00), together with interest ... until the principal amount is paid in full. ...
>
> *Payment Terms*: A first payment of $50,000.00 shall be due and payable on May 10, 1990. A second payment of $50,000.00 shall be due and payable on June 11, 1990. The entire outstanding principal balance and interest accrued thereon shall be due and payable on July 10, 1990.

On May 10, 1990, Venners paid Goldberg $25,000. He made no further payments.

More than six years later, on November 20, 1996, Goldberg sued Venners for monies due on the Note, in the Circuit Court for Montgomery County. On January 6, 1997, after Venners had filed an answer, Goldberg moved for summary judgment. He asserted that, on the undisputed facts, the terms of the Note were unambiguous, Venners was in default, and he (Goldberg) was entitled to judgment in the amount of the monies due and owing, as a matter of law.

Venners opposed the motion for summary judgment. He argued that there was a genuine dispute of material fact with respect to whether there had been a failure of consideration. He submitted an affidavit acknowledging that he had signed the Note, but stating that the consideration for the Note was to have been the assignment or transfer to him of Goldberg's interest in a particular limited partnership, which had not been given or received. He also attested that the Note had been signed by him on June 12, 1990, not on April 10, 1990, and that the May 10, 1990 payment had been made on another debt.

On May 13, 1997, the lower court heard oral argument on the motion for summary judgment. At the conclusion of the hearing, the court granted the motion, explaining:

Mr. Venners acknowledges that he signed the note, but says that he did not receive any consideration for it and he executed the same only on the basis of relations of friendship and good will. . . .

It is a note under seal which states 'For monies received'; and the allegations are that $25,000.00 was received a month later pursuant to that.

I don't think there is a material dispute . . . [A]s to the terms and conditions of this note, I think Mr. Goldberg is entitled to summary judgment, and I will grant the plaintiff's motion for summary judgment on the promissory note in the amount of $125,000.00 plus interest and reasonable attorneys' fees as specified in the note.

The court issued a memorandum order granting the motion for summary judgment. The order, which was docketed on May 23, 1997, provided that judgment was granted for the principal sum of $125,000, and for interest and fees. It did not specify those amounts, however.

On June 2, 1997, Venners filed a motion for reconsideration. On June 20, 1997, Goldberg filed a motion for entry of monetary judgment, requesting entry of a judgment specifying the amounts of interest and fees awarded.

On July 21, 1997, the court denied Venners' motion for reconsideration. On August 20, 1997, Venners filed his notice of appeal.

The circuit court did not rule on Goldberg's motion for entry of monetary judgment before Venners noted his appeal. On May 8, 1998, the parties filed a joint motion to correct and supplement the record and to remand the case to the circuit court with a stay of appeal pending that court's decision on the motion for entry of monetary judgment. This Court dismissed the appeal and remanded the case to the Circuit Court for Montgomery County. Thereafter, on October 21, 1998, the circuit court entered judgment in favor of Goldberg and against Venners for $248,010.99. This appeal followed.

## STANDARD OF REVIEW

In reviewing a trial court's ruling granting summary judgment, our task is to decide whether there is a genuine dispute of material fact and, if not, whether the lower court's ruling is legally correct. *Lynx, Inc. v. Ordnance Prod., Inc.,* 273 Md. 1, 8, 327 A.2d 502 (1974); *McKinney Drilling Co. v. Mach I Ltd. Partnership,* 32 Md.App. 205, 209, 359 A.2d 100 (1976).

To defeat a motion for summary judgment, the party opposing the motion must present admissible evidence of a genuine dispute of material fact. *Tennant v. Shoppers Food Warehouse Md. Corp.,* 115 Md.App. 381, 386, 693 A.2d 370 (1997); *Bagwell v. Peninsula Regional Med. Ctr.,* 106 Md.App. 470, 488, 665 A.2d 297 (1995), *cert. denied,* 341 Md. 172, 669 A.2d 1360 (1996); *Commercial Union Ins. Co. v. Porter Hayden Co.,* 97 Md.App. 442, 451, 630 A.2d 261 (1993), *vacated on other grounds,* 339 Md. 150, 661 A.2d 691 (1995). A material fact is one that will somehow affect the outcome of the case. *Goodwich v. Sinai Hosp. of Baltimore, Inc.,* 343 Md. 185, 206, 680 A.2d 1067 (1996); *King v. Bankerd,* 303 Md. 98, 111, 492 A.2d 608 (1985). A party may not establish the existence of a dispute of material fact through general allegations or formal denials. *Bagwell,* 106 Md.App. at 488, 665 A.2d 297; *Seaboard Surety Co. v. Richard F. Kline, Inc.,* 91 Md.App. 236, 243, 603 A.2d 1357 (1992). Rather, the facts must be presented "in detail and with precision ...," *Goodwich,* 343 Md. at 207, 680 A.2d 1067, in order to enable the trial court to rule on their materiality. *Beatty v. Trailmaster Products, Inc.,* 330 Md. 726, 738, 625 A.2d 1005 (1993); *Bagwell,* 106 Md.App. at 489, 665 A.2d 297.

## DISCUSSION

Venners contends that the lower court erred in granting summary judgment because there was a genuine dispute of material fact over whether he had received consideration that had been promised in exchange for his promise to pay under the Note. He argues that, contrary to the reasoning of the lower court, the defense of failure of consideration was not

precluded by the presence of a seal on the Note or by the language of the Note.

Goldberg responds that the presence of a seal on the Note and the words, "For money received", each established that consideration had been given; that Venners was precluded from introducing parol evidence to prove the contrary; and, therefore, the lower court correctly determined that there was no genuine dispute of material fact on the issue of consideration and that he (Goldberg) was entitled to judgment as a matter of law.

The Note in this case is a negotiable instrument under the Uniform Commercial Code ("UCC"), as codified in Md.Code (1975, 1997 Repl.Vol.), § 3–104 of the Commercial Law Article ("C.L."). It is signed by the maker, in this case Venners, contains an "unconditional promise . . . to pay a fixed amount of money," is "payable . . . at a definite time," and is "payable . . . to order." *Id.*[1]

■ C.L. § 3–305(a)(2) preserves to the obligor, except as against a holder in due course, any defense that would be available to him "if the person were enforcing a right to payment under a simple contract." As between the parties, a promissory note is a contract, *see Jenkins v. Karlton*, 329 Md. 510, 525, 620 A.2d 894 (1993), and its enforcement is subject to the defenses of lack or failure of consideration, which, under the UCC, are preserved. Indeed, C.L. § 3–303(b), which defines "consideration" as "any consideration sufficient to support a simple contract," explains:

> The drawer or maker of an instrument has a defense if the instrument is issued without consideration. If an instrument is issued for a promise of performance, the issuer has

---

[1]. Title 3 of the Maryland Commercial Law Article was revised in 1997. Prior to the revision, it had provided, at § 3–113, that "an instrument otherwise negotiable is within this title even though it is under seal." Upon revision, § 3–113 was deleted. Nevertheless, a sealed promissory note of the kind in this case meets the criteria for being a negotiable instrument, under § 3–104.

a defense to the extent performance of the promise is due and the promise has not been performed.

■ Goldberg takes the position, however, as did the lower court, that under *Twining v. National Mortgage Corp.*, 268 Md. 549, 302 A.2d 604 (1973), the presence of a seal on the Note established consideration and, moreover, the acknowledgment in the Note of receipt of consideration precluded Venners from introducing evidence of a failure of consideration, as such evidence would violate the parol evidence rule. We disagree. In order to explain our analysis, we must give a brief review of the state of the common and statutory law pertaining to sealed negotiable instruments prior to the adoption of the UCC.

■ At common law, a contract signed under seal was a formal obligation that became operative and enforceable upon delivery. (Hence the expression "signed, sealed, and delivered.") Consideration was not an essential element of such a contract, and the contract was valid notwithstanding the absence of consideration. 3 *Corbin on Contracts*, § 10.14, at 397 (1996)("Corbin"); 1 Williston, *A Treatise on Contracts*, § 2:14, at 125–26 (4th Ed.1990); *Citizens"s National Bank v. Custis*, 153 Md. 235, 238, 138 A. 261 (1927). Unless changed by statute, it remains the case that consideration is not necessary for a sealed promise. *See Twining v. National Mortgage Corp.*, 268 Md. 549, 558, 302 A.2d 604 (1973); *Brewer v. Sowers*, 118 Md. 681, 687, 86 A. 228 (1912).

In the past, the concept that consideration is not required to support a contract under seal has been expressed as the seal "importing consideration" or in terms of the seal establishing a conclusive presumption of consideration. *See, e.g., Selby v. Case*, 87 Md. 459, 462, 39 A. 1041 (1898)(observing that "[a] seal imports consideration; that is to say, it supplies its place and makes a contract as valid as if value had been actually paid and received"). Those phrases are somewhat misleading, however, because, in fact, consideration is irrelevant to the validity of such a contract. The seal did not really "import" consideration, because there was no need for consideration,

and consideration was not truly presumed, because its existence was not necessary for the contract to be effective. Corbin, *supra,* § 10.14, at 399.

 As explained in Corbin, *supra,* the fact that a contract under seal does not require consideration does not mean that such a contract might nevertheless have been entered into upon an agreement that consideration pass, and does not preclude proof that consideration was promised but was not given. Moreover, the significance of an acknowledgment clause (stating that consideration has been received) in a sealed contract is that the promisor's obligation, which otherwise need not be supported by consideration, is to be so supported:

> Often, a contract under seal contains an express acknowledgment that a stated consideration has been received; and the obligor is said to be "estopped" by his acknowledgment to deny its truth. Since the sealed promise is a binding contract at common law even though no consideration was given for it, the express acknowledgment is unnecessary to enforcement; and proof of its untruth would not establish invalidity. There is no estoppel preventing the promisor from showing that the acknowledgment is untrue, that a consideration was expressly or impliedly promised, and that it has not been received. If the promised consideration has not been given, the appropriate actions are maintainable to enforce performance or to get damages for its nonperformance. For such a purpose, the sealed acknowledgment does not prevent proof of payment.

Furthermore, the fact that a promise is under seal does not prevent it from being expressly or constructively conditional. It may be conditional upon performance of the agreed consideration. The acknowledgment that this consideration has been received does not prevent proof to the contrary, when the purpose is to show that a condition of the promisor's duty has not been performed, a condition the performance of which is the agreed equivalent of the obligor's promised performance. This proof is not to show that

the promise is not binding and irrevocable; its purpose is only to show that the binding promise was expressly or constructively conditional and that the duty of immediate performance would not arise until the condition is performed.

Corbin, *supra,* § 10.14, at 403 (footnotes omitted).

In 1898, Maryland enacted the Negotiable Instruments Act ("NIA"). That statute provided, *inter alia,* that, contrary to the common law, the presence of a seal on an instrument otherwise meeting the criteria for a negotiable instrument did not prevent negotiability. *Citizens' National Bank v. Custis, supra,* 153 Md. at 238, 138 A. 261. The Court in *Custis* explained that, under the NIA, lack of consideration was a defense to the enforcement of a sealed note, at least between the original parties. The Court observed that,

[b]y the express terms of the [NIA], the note now before the Court is deemed *prima facie* to have been issued for a valuable consideration, and the maker to have become a party to the note for value, but absence or total or partial failure of consideration is a matter of defense as between the parties or as to any person not a holder in due course.

\* \* \*

The logical and necessary conclusion would seem to be that the legislative intent [behind enactment of the NIA] was to put commercial paper, whether sealed or unsealed, on a common substantive and procedural equality, and so to permit this defense of a total or partial failure of consideration to be made without reference to the presence or absence of a seal on an instrument of writing if otherwise negotiable.

\* \* \*

The [NIA], therefore, abolishes the conclusive presumption of consideration for a sealed instrument which is otherwise negotiable, but gives to every negotiable paper, with or without a seal, the prima facie presumption that it was

issued for a valuable consideration, and that every person whose signature appears thereon becomes a party thereto for value, subject, however, to the right of the maker, as against any person not a holder in due course, to show affirmatively the consideration to be absent, as in the case of a gift, or to have failed in whole or in part.

153 Md. at 239–43, 138 A. 261 (citations omitted). *See also Citizens' National Bank v. Parsons*, 167 Md. 631, 635–36, 175 A. 852 (1934)("[T]he question of consideration *vel non* [for the "single bill" was] for the jury to decide, since the presence of a seal, while importing consideration, does not now preclude the defense at law of an entire or part failure of consideration."); *Dever v. Silver*, 135 Md. 355, 362, 109 A. 67 (1919)("The seal upon the note . . ., imports a consideration, and, in the absence of all proof on the part of the obligor of a want of consideration, would, upon such a defense, entitle the obligee to a verdict; and should the note, under the [NIA], be regarded as a negotiable instrument . . . ., then it is we think clearly established in this state that under such act the burden of proof was on the defendant to show that there was a failure or want of consideration."); *Shaffer v. Bond*, 129 Md. 648, 653 (1917).

In *Vain v. Gordon*, 249 Md. 134, 238 A.2d 872 (1968), decided after Maryland enacted the UCC in 1964, the Court was faced with the question of the correct method of pleading the defense of lack of consideration in a suit on a note under seal. The Court explained that "[t]he contest of the parties . . . is between the makers' theory that under *Citizen's Bank of Pocomoke v. Custis*, . . . l[a]ck of consideration for a negotiable instrument, whether or not under seal, may be shown under the general issue plea, and the payee's theory that under [then] Maryland Rule 342 c 1($l$) a denial of consideration for a contract under seal must be specially pleaded." *Id.* at 135–36, 238 A.2d 872. The Court held that the note at issue was not negotiable, because it allowed for the confession of judgment before the expiration of its term, and, therefore, the defense of lack of consideration was required to be specially pleaded. Implicit in the Court's decision was its

recognition that the UCC did not change the holding in *Custis*, under the NIA, that the defense of lack of consideration may be raised in a suit on a negotiable instrument under seal.

Finally, in *Twining v. National Mortgage Corporation*, *supra*, 268 Md. 549, 302 A.2d 604, the Court held that a nonnegotiable contract under seal was not void for lack of consideration. In that case, the defendant had an interest in certain real property on which the plaintiff mortgage company held a second lien. The plaintiff and the defendant entered into a contract under seal, by which the plaintiff agreed to purchase the first lien, extend the due date of the second lien, and abate foreclosure proceedings, in consideration of the defendant paying $125,000, at a specified date in the future. When the sum came due and the defendant failed to pay, the plaintiff sued on the contract, and prevailed in a bench trial.

On appeal, the defendant argued, *inter alia*, that the contract was void for lack of consideration. In rejecting that argument, the Court explained:

It would appear that the forbearance relative to the debt was consideration, but the concession by [the defendant] that the contract was under seal, as it was, disposes of the point relative to lack of consideration. As Professor Brantly put it in Law of Contract (2d ed. rev.1922) § 51:

"The common law has never required a consideration in contracts under seal, but has enforced them because they were held to be the deliberate engagements of the parties making them."

To like effect and in greater detail see 1A Corbin, Contracts § 252 (1963) and 1 Williston, Contracts § 109 (3d ed. Jaeger 1957), consistent with the comment of this Court in *Conowingo Land Co. v. McGaw*, 124 Md. 643, 652, 93 A. 222, 225 (1915), "Inasmuch as the seal imports consideration ..." *See also Roth v. Baltimore Trust Co.*, 161 Md. 340, 349, 158 A. 32 (1931), and *Ingersoll v. Martin*, 58 Md. 67, 74, 42 Am.R. 322 (1882).

268 Md. at 554, 302 A.2d 604.

The *Twining* case, which, as we have indicated, Goldberg relies upon in asserting that the lower court properly granted

summary judgment, applied the common law rule that consideration is not necessary for a contract under seal to be valid, and concluded that there was no merit to the defendant's argument that the contract at issue was *void as a matter of law* for lack of consideration. Whether a contract is void as matter of law for lack of consideration is an entirely different question than whether consideration that allegedly was agreed upon in support of a contract under seal (even though it was not necessary to the formation of the contract) was given. *Twining* addressed the former; the case *sub judice* addresses the latter.

■ The fact that the contract in this case was under seal does not mean that the parties to it did not agree that consideration would pass. Indeed, that is precisely the factual dispute that Venners raised in his opposition to Goldberg's motion for summary judgment. According to Venners, his promise to pay under the Note was made in exchange for Goldberg's promise to transfer to him Goldberg's interest in a particular limited partnership, a promise that Goldberg allegedly failed to keep. Venners was not defending on the ground that the Note was void, as had been the defense in *Twining;* rather, he was taking the position that he had not paid any money on the Note because he had not received the consideration that was to have been forthcoming from Goldberg. By that response, Venners raised a genuine dispute of material fact as to whether the Note was to have been supported by consideration and, if so, whether the consideration that had been promised had been given.

■ Goldberg maintains that even if the Note was intended by the parties to have been supported by consideration, there nevertheless was not a genuine dispute of material fact respecting consideration because, in signing the Note, Venners acknowledged that he had received consideration, and he cannot introduce any evidence to the contrary, under the parol evidence rule. Venners responds that the "mere presence of the boilerplate language 'for money received,' in the [N]ote

cannot be held to prevent the defense of a failure of consideration."

Ordinarily, parol evidence is not admissible to vary or contradict the terms of an integrated written instrument. *Calomiris v. Woods,* 353 Md. 425, 438, 727 A.2d 358 (1999); *Bernstein v. Kapneck,* 290 Md. 452, 460, 430 A.2d 602 (1981); *Della Ratta v. Harkins,* 268 Md. 122, 127, 299 A.2d 777 (1973); *Holzman v. Fiola Blum, Inc.,* 125 Md.App. 602, 632, 726 A.2d 818 (1999); *Donovan v. Kirchner,* 100 Md.App. 409, 419-20, 641 A.2d 961, *cert. denied,* 336 Md. 299, 648 A.2d 202 (1994). There are numerous exceptions, however, to the parol evidence rule. One such exception permits parol evidence to be admitted, as between the original parties to an instrument or contract, on the question of consideration, including whether there was a failure of consideration. *Ingersoll v. Martin,* 58 Md. 67, 73 (1882)(parol evidence admissible on question of consideration to support promissory note); *Miller v. Hockley,* 80 F.2d 980, 983, *cert. denied,* 298 U.S. 657, 56 S.Ct. 677, 80 L.Ed. 1383 (4th Cir.1936) (applying Maryland law)(same). Moreover, "the recitals in a written instrument as to the consideration received are not conclusive, and it is always competent to inquire into the consideration and show by parol or other extrinsic evidence what the real consideration was." *Deutser v. Marlboro Shirt Co.,* 81 F.2d 139, 142 (4th Cir.1936)(applying Maryland law); *see also Harper v. Davis,* 115 Md. 349, 357, 80 A. 1012 (1911)(parol evidence admissible to show that note was not supported by valid consideration even though note stated, "Value received."); Corbin, *supra,* § 10.14, at 403.

Likewise, parol evidence is admissible to show whether consideration that was agreed upon was in fact received, even when the instrument contains a recital acknowledging receipt. The recital is *prima facie* evidence of receipt, but may be rebutted by parol proof showing that there was no receipt. *Bratt v. Bratt,* 21 Md. 578, 584 (1864)(evidence of payment in recital in deed may be rebutted by parol evidence); *Carr v. Hobbs,* 11 Md. 285, 293 (1857)(acknowledgment and

receipt in deed for purchase money is *prima facie* evidence of payment that may be rebutted by parol evidence): *see also Russ v. Barnes,* 23 Md.App. 691, 697, 329 A.2d 767 (1974)(Commenting that "[a] court of conscience may inquire into the consideration upon which a contract is based even though it recites value received and is under seal.").

These authorities make plain that the recital "for monies received," in the Note constitutes *prima facie* proof that the Note was supported by consideration and that the consideration in fact was paid. It does not establish a conclusive presumption to that effect, however, and parol evidence may be admitted by Venners to prove the contrary. For that reason, the lower court erred in granting summary judgment in favor of Goldberg.

**SUMMARY JUDGMENT VACATED. CASE REMANDED TO THE CIRCUIT COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY APPELLEE.**