ELIZABETH A. MONTGOMERY, wife of J. H. MEYERS, et als., *v.* JACKSON
M. CHANEY et als.

If a father desires to prefer one child to another in the distribution of his property, he is bound to state
his design expressly, by declaring that the gift or legacy is intended " as an advantage or extra por-
tion," or using other equivalent terms.

When there is a price actually paid by the son to the father, in a sale by the latter to the former, and it
even exceeds one-fourth of the value of the property sold, but is much below its fair value, and an
advantage is thus indirectly sought to be given to one heir over others, the law will compel the heirs
to stand on an equal footing.

It will form no bar, under such circumstances, to an action, to enforce the principle of equality among
the heirs, that the property thus sold by the parent to the child, did not exceed the disposable portion
unless it appears that the sale was made avowedly as an advantage or extra portion, or such intention
is manifested in a subsequent act before a notary and two witnesses.

Under a charge of simulation as well as fraud, all the facts and surrounding circumstances attending
the transaction may be proved by parol evidence.

APPEAL from the District Court of East Feliciana, *Ratliff, J. Muse &*
*Hardee* and *F. Hardesty*, for plaintiffs and appellants. *T. G. Morgan* and
*J. B. Smith*, for defendants.

SPOFFORD, J. This suit was brought by some of the forced heirs of *Elizabeth*
*Chaney*, deceased, against *Jackson M. Chaney*, one of their co-heirs, to set aside
a pretended sale of certain slaves from their deceased ancestor, *Mrs. Chaney*, to
her son, the said *Jackson M. Chaney*, upon the allegations that no price was paid
by the pretended purchaser, but that the sale was simulated and fraudulent, the
same being really a disguised donation obtained by undue influence on the part
of the pretended purchaser. The prayer of the petition is that the sale be de-
clared void, and that the property purporting to have been conveyed by it be de-
creed to be the property of the succession of *Elizabeth Chaney*, deceased, and as
such partitioned pro rata among her heirs.

There was a verdict and judgment for the defendant, and the plaintiffs appeal,
relying upon various bills of exceptions reserved by them to the rulings of the
District Judge in rejecting evidence and in charging the jury.

Equality between heirs of the same degree is the cardinal principle of the
Louisiana law of inheritance. No deviation is allowed from this rule, save within
a narrow limit and by pursuing the forms prescribed by law. If a father desires
to prefer one child to another in the distribution of his property, he is bound to
state his design expressly, by declaring that the gift or legacy is intended " as an
advantage or extra portion," or " using other equivalent terms." C. C., 1311.
" The sales of immovable property or slaves, made by parents to their children
may be attacked by the forced heirs, as containing a donation in disguise, if the
latter can prove that no price has been paid, or that the price was below one
fourth of the real value of the immovables or slaves sold, at the time of the sale."
C. C., 2419. The forgoing article is a legislative recognition of the right to in-
stitute such actions as the present. And even where there is a price actually
paid exceeding one-fourth of the value of the property sold, but much below its
fair value, and an advantage is thus indirectly sought to be given to one heir over
others, the law searches it out and compels the heirs to stand upon an equal foot-
ing. " The advantage which a father bestows on his son, though in any other
manner than by donation, or legacy, is likewise subject to collation. Thus when

a father has sold a thing to his son for a very low price, or has paid for him the price of some purchase, or has spent money to improve his son's estate, all that is subject to collation." C. C., 1326.

The present action was, therefore, well brought, and the fact, if fact it be, that the property conveyed to the defendant by his mother did not exceed the disposable portion, forms no bar to the plaintiffs' demand, unless it appears that she conveyed it to him avowedly as an advantage or extra portion, the declaration of which intention should appear in the instrument itself purporting to convey the property, or in a subsequent act before a notary and two witnesses. C. C., 1310, 1311.

And the doctrine with regard to remunerative donations has no application to a sale of this kind; nor would the fact that the pretended vendee had rendered valuable services to the vendor, if found to be true, dispense him from the duty of giving up the property conveyed to him by a simulated title, such as is alleged in this case; for " the obligation of collation does not exclude the child or descendant, coming to the succession of his father, mother, or other ascendant, from claiming wages which may be due to him for having administered the property of the ascendant, or for other services." C. C., 1327.

The true questions are : was the sale in question a real sale, and was, a fair price at the time actually paid?

If these questions, or either of them, are answered in the negative, collation is due by the pretended vendee, or the property comes into the mass, to be distributed according to the rules laid down in the Code upon the subject of partition, unless it be found that the deceased declared the same to be intended as an advantage in the manner already indicated.

The instructions of the judge to the jury were not in accordance with these views, and the bill of exceptions to his charge was well taken.

Most of the bills of exceptions, with regard to the admissibility of evidence, were well taken also. The allegations are, that no price was paid, and that the apparent sale was a simulation, and a disguised donation, and that the defendant sought to obtain an indirect advantage over his co-heirs by his influence with his mother. It is unnecessary for a party plaintiff in such a demand to set out in his petition the details of his proof. Nor is it necessary that all the evidence should be direct and positive. Simulation, as well as fraud, may be shown by presumptive evidence. The fact that the identical money paid before the notary was used in another and a cotemporaneous sale by the same vendor to another vendee, was pertinent, and the plaintiffs should have been allowed to prove it; as well as the cotemporaneous sales ; and so of all the other circumstances which have a tendency to show that the sale was not bona fide, and that no real consideration passed to and was retained by the vendor, such as the relative condition and circumstances of the parties, their means and revenues, their subsequent conduct, the influence of one over the other, the fact that the price was nominal, the suggestions of the defendant to the notary, and generally such matters of fact as conduced to establish the plaintiffs' allegations of simulation and indirect advantage. The testimony should then be carefully weighed by the jury, and if they find that the material allegations are not proved with reasonable clearness and certainty, they should find for the defendant.

It is, therefore, ordered that the judgment of the District Court be reversed, the verdict of the jury set aside, and the cause remanded for a new trial according to law, and one in conformity with the views hereinbefore expressed, the defendant paying the costs of this appeal.