GEORGE W. TALBOTT and HENRY C. McCAULEY, trading as TALBOTT & McCAULEY *vs.* SAMUEL TAYLOR SUIT.

*Bankruptcy—Discharge of Bankrupt—Provable claim in Bankruptcy—Assignment by Endorsement of Single bill— Promise by Assignor to pay—Statute of Frauds—Commercial instrument.*

The discharge of a debtor under the United States bankrupt law, is an absolute bar to the recovery in a State Court on a debt that was provable against his estate in bankruptcy.

An assignment of a single bill by endorsement in blank not under seal, does not subject the assignor to the consequences of a guaranty; and a promise made at the time of the assignment by the endorser that if the maker did not pay the bill he would do so himself, is void under the Statute of Frauds.

A single bill is not a commercial instrument like a promissory note, and its assignment and the liabilities incurred thereby are entirely statutory, and do not depend on the principles of mercantile law.

APPEAL from the Circuit · Court for Prince George's County.

George W. Talbott and Henry C. McCauley, trading as Talbott and McCauley, brought an action against Samuel T. Suit to recover the sum of nineteen hundred and fifty-one dollars and three cents, with certain arrears of interest. The declaration contained the common counts, and also a count stating that one James L. Brown, on the twelfth of August, 1875, by his single bill, now overdue, promised to pay to the order of the defendant, nineteen hundred and fifty-one dollars and three cents, five years and eight months after date, with interest from date, payable annually; and that the defendant, for a valuable

consideration assigned and transferred in writing the said single bill to the plaintiffs; and that he then and there for a valuable consideration undertook and faithfully promised the plaintiffs that he would well and truly pay the said single bill at the maturity thereof, in case the maker should fail to pay the same; and that the maker did not pay the single bill, or any part thereof at its maturity, whereof the defendant had notice, but has not paid the same or any part thereof. The defendant pleaded never indebted; never promised; satisfaction of plaintiffs' claim by payment; and discharge under the provisions of the United State Bankrupt Law as an insolvent debtor. The plaintiffs entered general replications to the first, second and third pleas; and to the fourth plea they replied, that they never had any notice of the institution of the proceedings in bankruptcy, and that they were never served with notice that their claim was scheduled, or mentioned in the proceedings; and that their claim was not mentioned or scheduled therein. The defendant rejoined that the reason that the plaintiffs' alleged debt was not mentioned in the schedule, if not so mentioned, was the fact that the defendant did not consider himself indebted to the plaintiffs.

The plaintiffs offered evidence showing the execution of the single bill by Brown, and its endorsement by the defendant in blank, and delivery to them for a valuable consideration; and also that the defendant told them that if Brown did not pay the single bill when due, that he would pay it himself, and that his endorsement would make it as good as gold; and also that when the single bill became due, Brown was utterly insolvent; and that they, the plaintiffs had no knowledge of the bankruptcy proceedings until long after the discharge was obtained. A certified copy of the list of creditors filed in the bankruptcy proceedings was produced, and the names of the plaintiffs did not appear in the list.

The defendant testified that he sold the single bill to the plaintiffs, and that he did not promise to pay it in

case the maker failed to do so. The certificate of discharge in bankruptcy was filed, which showed that on the seventeenth day of October, 1878, the defendant was discharged from all debts and claims which were provable against his estate, and which existed on the eighteenth day of July, 1878 ; it being the day on which his petition for adjudication as a bankrupt was filed.

The case being tried before the Court without a jury, the defendant offered the following prayer which was granted : " The defendant prays the Court to decide, that if from the evidence the Court shall find that the plaintiffs were not included in the list of creditors filed in the proceedings instituted by the defendant, to obtain the benefit of the Bankrupt Law, and that no notice of said proceedings were had by them, then they are not affected by the discharge in bankruptcy of the defendant, unless the Court finds that the defendant did not believe he was indebted to the plaintiffs at the time he filed his schedule of indebtedness, or fraudulently omitted plaintiffs' names from the list of his creditors, or withheld notice from them." The verdict and judgment being for the defendant, the plaintiffs appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, ROBINSON, and BRYAN, J.

*Daniel R. Magruder*, and *Frank. H. Stockett*, for the appellants.

*William Stanley*, for the appellee.

BRYAN, J., after stating the case as above, delivered the opinion of the Court.

The bankrupt law is set forth in the Revised Code of the United States. By sec. 5119 of this Code it is provided that, subject to certain limitations which are not now in

question, a discharge in bankruptcy shall release the bankrupt from all debts, claims, liabilities and demands which were or might have been proved against his estate in bankruptcy. A creditor whose name 'is omitted from the schedule may, nevertheless, prove his debt and is, therefore, barred by the discharge. This question has been so ruled in a great number of cases, as may be seen in the notes to this section of the statute in *Bump's Bankruptcy*. It is, however, provided in sec. 5110 that a discharge shall not be valid in either of the ten cases therein specified. One of these excepted cases is where the bankrupt has wilfully sworn falsely in his affidavit annexed to his petition, schedule or inventory in relation to any material fact. In sec. 5120, it is provided that any creditor who has a provable debt may at any time within two years after the discharge, contest its validity on the ground that it was fraudulently obtained. He must apply to the Court which granted it, and set forth in his application the grounds of avoidance ; and if the Court finds that the alleged fraudulent acts are proved, and that the creditor had no knowledge of them until after the granting of the discharge, then it must be annulled; but otherwise its validity is to remain unaffected. Independently of the general rule that a judgment of a Court of competent jurisdiction cannot be collaterally impeached in another Court, it seems clear that Congress intended by this section to designate the mode by which the discharge might be impeached, and to exclude all other modes. Its authority over the subject of bankruptcies, and everything connected with obtaining, authenticating and invalidating a discharge is confessedly paramount. Not to dwell on the manifest propriety and convenience of appointing a special tribunal where the validity of the discharge might be decided once for all, and the great hardship and injustice of requiring the bankrupt to meet and contest allegations in every Court where his discharge should be pleaded, with the probability of con-

flicting decisions in different Courts, it may be sufficient to say, that the authorities are quite uniform in maintaining the exclusive jurisdiction of the bankrnpt Court on this question. Many of them are collected in the notes on this section in *Bump's Bankruptcy.* It, therefore, seems to us that on the supposition that the claim sued on was a provable debt, it was absolutely barred by the defendant's discharge, and that the Court's ruling was unduly favorable to the plaintiffs.

The remaining question is whether this claim is a provable debt. If the bankrupt was guarantor of the single bill, it could not have been proved; unless his liability had become absolute before the final dividend was declared. Sec. 5069. The testimony on the part of the plaintiffs tends to prove that the defendant "told them that if Brown did not pay the note, he would do so himself, and that his endorsement would make it as good as gold," and that the defendant endorsed the note in blank, and transferred it to the plaintiffs. The first section of the ninth Article of the Code, authorizes the assignment of bonds and *choses in action* by writing, signed by the person authorized to make the same. And if the assignment is under the hand and seal of the obligee, the eighth and ninth sections of this Article authorize, under the circumstances therein mentioned, an action by the assignee against the assignor. No action, however, is given by the Article against the assignor, where he merely makes the assignment in writing without seal. Now it is well settled that the legal effect of an endorsement in blank, made on a single bill by the obligee, is to confer on the holder the power to fill up the blank with a full assignment of the interest to himself. *Chesley vs. Taylor,* 3 *Gill,* 251 ; *Shriver vs. Lamborn,* 12 *Md.,* 170. This mode of assignment, as we have seen, cannot subject the assignor to the consequences of a guaranty. The parol contract alleged in the evidence cannot impose these responsibilities upon him; because a contract to pay the debt

of another is void under the Statute of Frauds, unless it be in writing. We conclude, therefore, that the evidence does not tend to show any cause of action against the defendant, and that the ruling ought to have been in his favor, peremptorily without reference to the bankrupt proceedings.

We have not overlooked the decisions which have been made on transactions, which Judge STORY describes as irregular endorsements of promissory notes. In considering the liabilities incurred by an endorsement on a promissory note, made by a third person, who is not the payee, he states the rule which has met with general acceptance; the interpretation of the liability ought to be such as will carry into effect the true intention of the parties, which may be made out by parol proof of the facts and circumstances which took place at the time of the transaction. *Story on Promissory Notes*, sec. 479. But the endorsement by the payee is a matter which requires a very different determination. We do not consider it necessary to pursue the subject, because a single bill is not a commercial instrument like a promissory note. The assignment is entirely statutory and the liabilities incurred depend on the statute, and not on the principles of mercantile law.

The ruling of the Court worked no injury to the plaintiffs, but gave them advantages to which the law did not entitle them.

*Judgment affirmed.*