# ROBERT H. MORGAN

## *vs.*

# HENRY CLEAVER.

*Negotiable instruments: consideration; as between parties.*
*Equitable defenses.*

As between the immediate parties to a negotiable instrument,
the question of consideration is always open, and in a suit be-
tween them it is competent, under the general issue plea, to
show that the consideration had failed.                p. 621

A defense which is good at law can not be pleaded on equi-
table grounds.                                        . p. 621

It is only such a defense as formerly could not be pleaded at
law that is now let in on equitable grounds.            p. 621

*Decided June 26th, 1917.*

Appeal from the Circuit Court for Kent County. (HOPPER
and ADKINS, JJ.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*L. Wethered Barroll* (with whom were *Barroll & Gill,*
*Hope H. Barroll* and *John S. Gittings, Jr.,* on the brief),
for the appellant.

*Richard S. Rodney* and *Harrison W. Vickers,* for the ap-
pellee.

BURKE, J., delivered the opinion of the Court.

This appeal presents for consideration the propriety of the
action of the Circuit Court for Kent County in sustaining
a demurrer to the defendant's third amended plea. The plea

was filed on equitable grounds under Section 86, Article 75. of the Code. The suit was in assumpsit. The declaration contained the common counts and one special count which is. here inserted:

"And for that on the 6th day of May, 1916, the defendant, Robert H. Morgan, made his check in writing, dated on that day and directed the same to the Third National Bank of Chestertown, Maryland, and there required the said bank to pay to the plaintiff, Henry Cleaver, Admin., the sum of five hundred dollars ($500), who indorsed the same, which was thereafter duly presented by him to the said bank for payment, but was not paid, being returned by said bank as protested and marked 'payment stopped' by written request, all of which notice was given to the defendant, and that the check still remains unpaid."

To this declaration the defendant pleaded: *first,* that he never was indebted as alleged; *secondly,* that he never promised as alleged, and *thirdly,* a plea on equitable grounds which the Court held bad on demurrer. The case went to trial on the general issue pleas. The docket entries incorporated in the record show that the trial began on the 18th and was concluded on the 19th of October, 1916, by a verdict for the plaintiff for $515.65, and that judgment for that sum was entered against the defendant on October 23, 1916. They also show that prayers were submitted by the respective parties and passed upon by the Court. The evidence and prayers are not in the record, but it will be assumed that all defenses which were available to the defendant under the general issue were presented to the Court and jury.

The record shows that the plaintiffs are the heirs at law of Sarah B. Cleaver, deceased, who was a resident of New Castle County, Delaware; that at the time of her death she owned a farm containing 152 acres, more or less, situated in that county and that Henry Cleaver, her son and one of the plaintiffs, was appointed administrator of her estate. The

equitable plea is quite lengthy and sets out in full an agreement entered into on the sixth day of May, 1916, between Henry Cleaver, administrator of Sarah B. Cleaver, and Robert H. Morgan, the defendant, for the sale to and purchase by the defendant, of the Delaware farm for the sum of $15,000.00 upon the following terms and conditions, viz.: "Five hundred ($500.00) dollars upon the execution of this agreement, and the balance upon the delivery of a deed to him for said premises. It is agreed that possession of said property shall be delivered to the purchaser on the first day of March, A. D. 1917, and the said party of the first part agrees to execute and deliver to the said party of the second part on or before the first day of July, A. D. 1916, a good and lawful deed in fee simple for said premises, clear of all encumbrances." It is then alleged: "That said pretended contract was made and entered into in the State of Delaware where said land lay:—that prior to and at the time of the execution of this pretended agreement, Henry Cleaver, administrator, who was in reality and fact administrator in the State of Delaware, in New Castle County, of Sarah Cleaver, who in her lifetime owned the farm mentioned in said pretended contract of sale, which farm upon her death intestate descended to the plaintiffs as her heirs at law as tenants in common, subject to a mortgage thereon for a large sum of money then on May 6th, 1916, an outstanding valid lien against said farm, and the said Henry Cleaver, administrator, had no power or authority—under the laws of the State of Delaware to sell said farm, and had obtained no authority or order from the Orphans' Court of New Castle County, Delaware, to sell any of the real estate of Sarah Cleaver, deceased; that Section 3417 of the Revised Code of Delaware, in force at the time of the execution of this pretended agreement, sets forth the prerequisite conditions for the sale of real estate such as was attempted to be sold by this administrator, none of which conditions have been complied with nor had been complid with by Henry Cleaver, ad-

ministrator at the time of the execution of this pretended contract, that therefore the same was utterly void and of no effect under the laws of the State of Delaware, that the defendant should not in any wise be compelled to pay the said alleged check so obtained from him under a pretended contract which could not have been enforced by any of the parties to the attempted execution of the same, nor could this defendant have compelled all the owners of the fee in said farm to execute to him a deed in fee simple, clear of all liens (including said mortgage) for said farm, and the attempted performance of which by Henry Cleaver, administrator, would have been and would be an illegal and void act on his part, and in nowise, would have bound or would bind the persons who held the legal and equitable title to the said farm to convey a good title to this defendant; that the check sued on in this case was executed and delivered to Henry Cleaver, administrator, in New Castle County, in the State of Delaware, under the facts, conditions and circumstances above recited and set forth, and no consideration for the said check passed from the defendants, nor any of them, for the said check to the defendant."

The plaintiffs in this suit are the heirs at law of Sarah B. Cleaver and the owners of the farm, and there is no allegation in the plea that a deed of the character mentioned in the contract had not been tendered the defendant. The whole defense set up in the plea is the total failure of the consideration for the check by reason of the failure of Henry Cleaver, the administrator, to obtain from the Orphans' Court of New Castle County, Delaware, an order for the sale of the farm under section 3417 of the Revised Code of that State. That section provides for the sale of a decedent's real estate where his personal estate is insufficient to pay his debts. This section does not appear to have any application to this case, because it is not alleged that the personal estate of Sarah B. Cleaver was not sufficient to pay her debts. If, however, such were the fact, or because of that, or for any

other reason Henry Cleaver, the administrator, did not or could not deliver to the defendant a fee simple title to said farm, clear of all encumbrances, that defense was open under the general issue, and it is reasonable to presume was attempted to be proved at the trial. It is the settled law of this State that as between the immediate parties to a negotiable instrument, as in this case, the question of consideration is always open, and it is competent to show that the consideration had failed, and this defense can be shown under the general issue. *Ingersoll* v. *Martin,* 58 Md. 68; *Spies* v. *Rosenstock,* 87 Md. 14; *Williams* v. *Huntington,* 68 Md. 590.

The defense relied on in the equitable plea being open and available to the defendant under the pleas already in the case, the Court committed no error in sustaining the demurrer. The statute, Code, Article 75, section 86, "which allows defenses on equitable grounds, was intended to permit a defendant to plead many defenses valid in equity, but not previously available at law. *Taylor* v. *State,* 73 Md. 222. A defense which is good at law can not be pleaded on equitable grounds, because it is only such a defense as could not formerly have been pleaded at law that is now let in on equitable grounds." *Robey* v. *State, use of Mallory,* 94 Md. 61; *Albert* v. *Freas,* 103 Md. 591.

*Judgment affirmed.*