# FRANK B. JENKINS

## *vs.*

# THE FIRST NATIONAL BANK OF BALTIMORE.

*Promissory notes: conditional indorsement; Code, Section 35 of Article 13.*

Even prior to the Negotiable Instruments Act (Code, Section 35 of Article 13), it was competent for a defendant to show by parol that a promissory note on which he was sued, as endorser, had been delivered in escrow, or that it was delivered to be held upon a condition to be performed before the holder's rights could attach.                              p. 87

Where a bank agreed that it would accept and not discount certain notes until it secured certain other stipulated endorsements thereon, it can not excuse its failure to fulfill the condition on the ground that the defendant could not reasonably have expected its performance.                    p. 88

*Decided February 13th, 1919.*

Appeal from the Circuit Court for Baltimore County. (HARLAN, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John L. G. Lee* (with whom was *Elmer J. Cook* on the brief), for the appellant.

*John Hinkley* and *T. Scott Offutt,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant was an endorser before delivery of three promissory notes of the Jenkins Provision Company for $5,000 each payable to "ourselves" and endorsed in blank by the company for discount by the National Bank of Baltimore. In a suit by the bank against the appellant as endorser of the notes, after default in payment at their maturity, the defense sought to be interposed, by proffers of parol proof which the trial Court rejected, was that the appellant, who was president of the Jenkins Provision Company, became an endorser individually upon certain notes of the company, of which those sued on are renewals, and furnished a collateral guaranty thereof by his wife, under an agreement with the bank that before accepting the notes or any renewals thereof, it would procure also the individual endorsement thereon of J. Herbert Cromwell, who was interested in the borrowing company and served as its treasurer, but that while the first two notes discounted after the agreement were endorsed by both J. Herbert Cromwell and the appellant, the bank failed to obtain the endorsement of Mr. Cromwell on subsequent renewal notes, thereby violating the condition upon which the appellant endorsed the notes and agreed to their delivery, and that he did not know of the failure of the bank to have Mr. Cromwell endorse the later renewals until after the company was placed in the hands of receivers, the renewal notes having in every instance been taken by Mr. Cromwell himself to the bank. This theory of conditional delivery was likewise set forth in a special plea, to which a demurrer was filed and sustained, and by a prayer which was necessarily refused in view of the exclusion of the evidence by which it might have been supported. Judgment was recovered by the bank, on the verdict of a jury, for the amount of the three notes and interest after a payment of $1,854.40 out of the assets of the company had been credited.

The Negotiable Instrument Act provides that as between the immediate parties, or against one not holding in due

course, the delivery of a negotiable instrument may be shown to have been conditional. Code, Art. 13, sec. 35. Long prior to that enactment it had been held by this Court to be "competent for a defendant to show by parol that a promissory note, on which he is sued as endorser, was delivered as an *escrow,* or that it was delivered to the plaintiff to be held upon a condition to be performed before the interest of the holder could attach." *Ricketts* v. *Pendleton,* 14 Md. 329; *Hamburger* v. *Miller,* 48 Md. 326.

In 8 *Corpus Juris,* 206, it is said: "Instruments delivered on condition are, as between the immediate parties, invalid until the happening of the event on which the inception of the instrument is made to depend. Thus where a note is delivered under an agreement that it is not to become binding until signed by another person, the failure to obtain such additional signature precludes a recovery as between the original parties or transferees who have notice of the agreements." Numerous cases applying this principle are cited in a note to the statement just quoted.

In 3 *Ruling Case Law,* p. 862, the decisions are said to be "harmonious on the proposition that except as against a holder in due course, parol evidence is admissible to show that a negotiable instrument was delivered subject to a condition, and that by reason of the failure to perform or comply with the condition the instrument never became a completed contract *in praesenti.*"

The proposal in this case was to prove in effect that the defendant endorsed the notes upon the express condition, which the bank agreed to but failed to perform, that another designated endorser should be procured by the bank before the notes were accepted for discount. This clearly constituted a conditional delivery, so far as the defendant was concerned, and the settled rule to which we have referred must be applied to the case unless one or more of the reasons urged to the contrary in the argument should be found to be valid.

It is contended that the form of the notes when they. left the defendant's hands precluded any expectation that Cromwell was to add his endorsement. The notes then bore the endorsement of the defendant, Frank B. Jenkins, followed by that of the Jenkins Provision Company. It is said that in view of the fact and order of these endorsements, the defendant could not have contemplated and depended upon the procurement by the bank of another endorsement ahead of his own on the notes, and that even if such an endorsement had been procured it would not have reduced the defendant's liability as the earlier endorser. These considerations are not sufficient to exempt the case from the rule relating to the conditional delivery of negotiable instruments. If the bank in fact agreed with the defendant that it would not accept and discount the notes in suit until it had secured the other stipulated endorsement, it cannot under the circumstances excuse its failure to fulfill that condition on the ground that the defendant could not reasonably have expected its performance, or that his own direct liability on his endorsement would not have been affected. The additional endorsement was actually procured for the first two notes discounted after the agreement proposed to be proven, and in each of those instances the other endorsement was above the defendant's. It was apparently the theory of his proffer of testimony that the two endorsements were to be treated as simultaneous and as creating a joint, equal and contributing liability, and we are unable to hold upon this record that such would not have been the case, or that the procurement of the other endorser would not have operated in any way to the defendant's advantage.

The further point is made that the notes sued on are not renewals of those to which the alleged conditional delivery refer, and are therefore not subject to its terms. This theory relies upon the fact that after the maturity of each successive note in the several series, it was paid by check drawn against the proceeds of the new note by which the loan was to be

carried through another discount period. In reference to this point it is sufficient to say that the process just described was evidently that which the alleged agreement characterized as a renewal of the notes and to which the condition it imposed was intended to apply.

While the notes alleged to have been conditionally delivered were accepted and renewed by the bank for several succeeding periods without the additional endorsement being procured, the proffered evidence could not properly be excluded on that ground, in view of the defendant's offer to prove and account for the fact that he was unaware until after the last of the notes was given that the bank had not complied with the condition upon which they were agreed to be delivered and accepted.

There was no error in the ruling on the demurrer to the fourth plea, because the defense it set forth was available under the general issue (*Morgan* v. *Cleaver,* 130 Md. 621; *Kerr, Evans Co.* v. *Improvement Co.,* 129 Md. 473), and the rulings on the prayers were also correct, when considered in reference to the evidence which was admitted, but the judgment will be reversed, and the cause remanded for a new trial, because of error in the rejection of the proffer to prove the conditional delivery of the notes which are the subject of the suit:

*Judgment reversed, with costs, and new trial awarded.*