THOMAS KENNEDY and HATTIE KENNEDY, d. b. a., *vs.* GEORGE W. COLLINS, p. b. r.

JUSTICES OF THE PEACE—ATTACK ON CONSIDERATION OF SEALED NOTE AFTER JUDGMENT BY CONFESSION.

In a trial granted by a justice of the peace under *Rev. Code* 1915, § 4020, after judgment by confession on a sealed note, defendant cannot attack the consideration by showing that note was executed under duress to avoid the taking of his goods in execution on a judgment which he did not owe.

(*May* 5, 1919.)

PENNEWILL, C. J., and BOYCE, J., sitting.
*Arley B. Magee* for plaintiff.
*John D. Hawkins* for defendant.
Superior Court for Kent County, April Term, 1919.

APPEAL No. 1, April Term, 1918.
Appeal by Thomas Kennedy and another from a judgment of a justice of the peace against George W. Collins.

George W. Collins, the plaintiff, having obtained a judgment by confession before a justice of the peace on·an obligation with a warrant of attorney against Thomas Kennedy and Hattie Kennedy, the defendants, they subsequently filed an affidavit with the justice, denying the obligation, etc., and asked that a trial be granted as provided by *Rev. Code* 1915, § 4020. Trial was had and determined in favor of the obligation. Defendants bring appeal. Directed verdict for the plaintiff.

After the execution and delivery of the obligation on which judgment had been entered by the justice had been proved and admitted in evidence, and proof by the plaintiff that nothing had been paid on the note, the plaintiff rested.

Thomas Kennedy, one of the defendants, being called as a witness, was asked by his counsel:

Q. At the time you signed that note, did you owe Mr. Collins anything? (Objected to.)

PENNEWILL, C. J.:—We think you cannot attack the consideration of a sealed instrument. A sealed instrument imports consideration. We sustain the objection.

Q. Why did you give that note? A. I was compelled to do it. Q. For what reason? A. Because they had my goods all covered up—. (Objection made upon the ground that though the goods of the defendant had been taken in execution the fact did not constitute duress.)

*Mr. Hawkins:*—Suppose the defendant's goods were seized in execution upon a judgment which he didn't owe? Citing *Hackley v. Headley,* 45 *Mich.* 569, 8 *N. W.* 511.

PENNEWILL, C. J.:—You can't go into that in this action. If the defendant had any remedy at that time, it was in chancery. To show duress in this case you would be compelled to show that there was no consideration for the execution. We sustain the objection.

*Mr. Hawkins:*—We have no other defense.

*Mr. Magee:*—I ask the court to give the jury binding instructions to find a verdict for the plaintiff.

Charge—Verdict.

PENNEWILL, C. J.:—Under the testimony, gentlemen of the jury, there is nothing for you to do but find a verdict for the plaintiff.

Verdict for plaintiff.