## DANIEL A. LEONARD

### *vs.*

## UNION TRUST COMPANY.

*Equitable Plea—Action on Note.*

The defense, in an action on a note, of either conditional delivery, or of failure of consideration, is available at law, and can therefore not be made the ground of an equitable plea.

*Decided January 13th, 1922.*

Appeal from the Baltimore City Court (SOPER, C. J.).

Action by the Union Trust Company of Maryland against Daniel A. Leonard. From a judgment for plaintiff, defendant appeals. Reversed.

The cause was argued, together with the next preceding, before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS. and OFFUTT, JJ.

*Francis R. Cross* and *W. Irvine Cross*, for the appellant.

*Walter H. Buck* and *James Morfit Mullen*, for the appellee.

THOMAS, J., delivered the opinion of the Court.

On the 31st of December, 1917, the appellant and his wife executed and delivered to the appellee the following promissory note:

"$2,500.00.        Baltimore, December 31, 1917.

"On demand after date we jointly and severally promise to pay to the order of ourselves twenty-five hundred dollars at Union Trust Co. of Baltimore, Md. Value received.

"Daniel A. Leonard.
"Marie Burke Leonard."

Endorsements:

"Daniel A. Leonard.
"Marie Burke Leonard.
"Daniel A. Leonard."

The note not having been paid, the appellee, on the 26th of February, 1919, brought suit on it against the appellant in the Superior Court of Baltimore City, and to the declaration, containing the common counts in assumpsit and a special count on the note, the defendant filed the pleas of "never indebted" and "never promised" as alleged, and a third plea for defense on equitable grounds. The plaintiff joined issue on the first two pleas and demurred to the third, which demurrer was sustained by the court. The defendant then filed an amended third plea as follows:

"The defendant, * * * for amended third plea says: For defense on equitable grounds, that the cause of action in this suit is a promissory note filed with the declaration. That said note was a renewal of a note of like amount passed between the parties on or about August 29th, 1917, when the defendant was loaned by said plaintiff the sum of twenty-five hundred dollars, and that at the time of said loan said defendant, at the instance of said plaintiff, conveyed by deed to William O. Pierson, its treasurer and agent, certain real property, which was and is worth many times the amount of said loan; that at the time of said loan and deed it was agreed between said plaintiff and defendant, and said agreement was part of the consideration of said deed; that the plaintiff, through said Pierson, its treasurer and agent, on default of payment of said note, should sell said property in the most advantageous way and for the greatest price obtainable in connection with other property adjoining and controlled by the plaintiff for development purposes; that in consideration of the control and authority which this conveyance would give the said plaintiff, they, the said plaintiff, would not enforce the payment of this obligation except as the lots con-

stituting the property so conveyed should be sold and disposed of in the due course of sale of the whole development, and that the first proceeds of said sale should be used in paying off said note, of which the cause of action in this suit is a renewal; and that the plaintiff, through said Pierson, its treasurer and agent, has never endeavored to sell said property and retains the same."

The court sustained a demurrer to the amended third plea, and the case was then removed to the Baltimore City Court for trial, and was tried on the issues joined on the first and second pleas.

At the trial the defendant testified that the note sued on was a renewal of a note given on the 29th of August, 1917, on which he received $2,500, and then made the following offer of proof:

"Defendant offers to prove that the transaction that gave rise to the giving of the note sued on, and of which it formed a part, was the loan by the plaintiff to the defendant of $2,500; that defendant agreed to deed to one Wm. O. Pierson, an officer of the plaintiff company, ninety-eight building lots, having a value of many times the amount loaned, the said lots to be held as a security for the payment of the amount so loaned. The deed was to be made direct to Pierson, with no reference whatever to the real transaction, and was so made and given. As part of said transaction, a note for $2,500 was at the same time given by defendant, but it was distinctly agreed by the said plaintiff and said defendant that the said plaintiff should realize on said lots and apply the proceeds to the payment of said note before making any effort to enforce said note; that this was all on August 29th, 1917, and on December 29th, 1917, the note now sued on was given as a renewal of said $2,500 note, and on the same conditions. And the plaintiff has made no effort to carry out the said agreement, but continues to hold said lots through the said Pierson, although

> the amount of said note has been offered to said plaintiff for a return of said lots."

The plaintiff objected to the evidence offered and the court sustained the objection, whereupon the defendant reserved his first exception, and the only other exception in the record is to the granting of the two prayers of the plaintiff.

There was no error in the ruling on the demurrer to the amended third plea. Whether the defense set up by the plea was one of conditional delivery or failure of consideration, it was available at law, and could not therefore be made the grounds of an equitable plea. *Bond* v. *Murray,* 118 Md. 450; *McGrath* v. *Peterson,* 127 Md. 412; *Jenkins* v. *First National Bk. of Balto.,* 134 Md. 85.

No objection is pointed out or urged against the plaintiff's prayers, and upon the evidence admitted there was no error in granting them. But we think there was serious error in the rejection of the evidence offered by the defendant and embraced in the first exception. The question presented by this exception was fully considered and determined by us in No. 87 Appeals of this Term (*ante,* p. 192), a case between the same parties, and we need only refer to the opinion and decision in that case.

Because of the error in the first exception the judgment must be reversed and case remanded for a new trial.

*Judgment reversed, with costs, and new trial awarded.*