## CITIZENS NATIONAL BANK, Executor, *v.* BERTHA D. CUSTIS.

*Note Under Seal—Lack of Consideration—Negotiable Instru-
ments Act—Pleas—Evidence—Genuineness of Sig-
nature—Will offered for Comparison.*

Under the Negotiable Instruments Act, an instrument which
is otherwise negotiable does not lose its negotiability because of
the presence of a seal.                              p. 239

The Negotiable Instruments Act abolishes the conclusive pre-
sumption of consideration for a sealed instrument which is
otherwise negotiable, but gives to any negotiable instrument,
whether with or without a seal, the *prima facie* presumption
that it was issued for a valuable consideration, and that every
person whose signature appears thereon became a party thereto
for value, subject, however, to the right of the maker, as against
any person not a holder in due course, to show affirmatively the

absence of consideration, or that it has failed in whole or in part.                                                    pp. 240, 241

The provision of the Negotiable Instruments Act, that the presence of a seal shall not affect the validity and negotiability of the instrument, does not render the twelve years statute of limitations inapplicable to a promissory note bearing a seal.
                                                              p. 241

Under the Maryland statutory law, the defense of absence or total or partial failure of consideration for an instrument negotiable in form, but sealed, is available as against any person not a holder in due course, and may be presented under the general issue pleas of *nil debet* or *non assumpsit*.    ·    pp. 242, 243

A declaration upon a bill obligatory "payable to" plaintiff "on demand," is upon a non-negotiable instrument, it being averred to be not payable to order or bearer, as is required by the Negotiable Instruments Act to constitute a negotiable instrument.                                                 p. 244

In an action of debt on a non-negotiable single bill, pleas of *non assumpsit* and *non debet* are inappropriate and are demurrable.               .                                  p. 244

In an action of debt on a non-negotiable specialty, a plea, not traversing the allegations of the declaration, but alleging that the cause of action was not a non-negotiable specialty, but was a negotiable instrument and was without consideration, was demurrable, and, the seal importing a consideration, the correct plea was *non est factum,* which put in issue the execution of the cause of action set forth in the declaration.    p. 244

That the contract sued on was a negotiable specialty, and not a non-negotiable writing obligatory, as stated in the declaration, could be taken advantage of as a variance.    p. 244

Where the declaration was upon a non-negotiable writing obligatory payable to plaintiff, an instrument which was payable to plaintiff's order and, although sealed, was negotiable in form, was inadmissible by reason of the variance.    pp. 244, 245

A will, the genuineness of which was not controverted, and as to the testator's signature on which the attesting witnesses testified, was, under Code, art. 35, sec. 7, properly submitted to the jury to aid in determining the genuineness of a signature on another writing, purporting to be that of the testator.
                                                              p. 245

That Code, art. 93, sec. 365, while providing for the retention of wills, after probate, in the office of the register of wills, also provides for the production of a will, in the custody of the register, upon a subpoena *duces tecum,* issued on the special order of the court, does not affect the admissibility in evidence of a will not so produced in court by the register, even though it was obtained by illegal means.      pp. 245, 246

In an action on a promissory note, evidence that, on the day of the execution of the instrument, the maker had in bank the amount of the note, and that he continued to have that amount in bank, *held* admissible on the issue of fraud in the procurement of the note, under the pleas of *nil debet* and *non assumpsit,* as tending to show absence or failure of consideration.      p. 246

The absence of consideration to the negotiable instrument offered in evidence, or fraud in its procurement, may commonly be shown by circumstantial evidence of the attendant circumstances of the transaction, the relative means and resources of the parties, the nature of their personal and financial relations, or their subsequent conduct.                              p. 247

In an action on a promissory note, the failure of the granted prayers to submit to the jury the question of lack of consideration, *held* not erroneous, there being no legally sufficient evidence of such lack.                                                        p. 248

*Decided June 8th, 1927.*

Appeal from the Circuit Court for Somerset County (BAILEY and DUER, JJ.).

Action by Bertha D. Custis against the Citizens National Bank of Pocomoke City, executor of the last will of John T. M. Sturgis, deceased. From a judgment for plaintiff, defendant appeals. Reversed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*L. Paul Ewell,* with whom was *J. Shiles Crockett* on the brief, for the appellant.

*Joshua W. Miles,* with whom were *Miles & Myers* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The paper writing in controversy on this appeal would formerly have been a non-negotiable instrument, known as a single bill or writing obligatory, since, by concluding the body of the paper with the term "Witness my hand and seal," it made the subsequent signature and seal of the subscribing obligor the real evidence of the execution of the instrument and gave to it the character and effect of a specialty (a). In an action at law on such a sealed instrument, the absence or failure of consideration could not be inquired into or be made a matter of defence, except through a plea by way of equitable defense (b); and an assignee acquired no greater or other right under the instrument than his assignor had, and, so, standing in the shoes of the assignor, he would take subject to all the equities, burdens, and set-offs existing between the original parties before the assignment or notice thereof, and the defenses which would have been available against the assignor would be available against the assignee (c).

These and other characteristics distinguished a single bill from a negotiable instrument until the passage of the Negotiable Instruments Law (Acts of 1908, ch. 119), which enacted that the validity and negotiable character of an instrument should not be affected by the fact that it bears a seal (d). Since the instrument at bar is in writing and is signed by the maker and contains an unconditional promise to pay to the order of the appellee a sum certain in money on demand, it is a valid and negotiable promissory note, notwithstanding the fact that the paper is executed with a seal, as was contemplated by the parties (e). Indeed, the terms "maker and endorser," and the stipulation that the maker or an endorser of the paper in suit engaged to waive demand, protest, and notice of non-payment, alike signify that the effect of the statute on an instrument under seal but otherwise negotiable was within the contemplation of the parties and anticipated in the formation and execution of the instrument. Compare *Jackson & Wife v. Myers Bros.*, 43 Md. 452, 464-465. (a) *Jackson & Wife v. Myers Bros.*, 43 Md.

452, 463-466; *Trasher v. Everhart,* 3 G. & J. 234; *Stabler v. Cowman,* 7 G. & J. 284; *Gist v. Drakely,* 2 Gill, 330.   (b) *Ingersoll v. Martin,* 58 Md. 67, 74; *Snyder v. Jones,* 38 Md. 542, 552; 1 *Poe, Pl. & Pr.,* sec. 143A.  (c) *Talbott v. Suit,* 68 Md. 443, 448; *Goldman v. Brinton,* 90 Md. 259, 266; *National Bank of Bristol v. Balto. & O. R. Co.,* 99 Md. 661, 675, 676.  (d) Code, art. 13, sec. 25.  (e) Code, art. 13, sec. 203, 25, 24; *Arnd v. Heckert,* 108 Md. 300, 302; *Dever v. Silver,* 135 Md. 355, 362, 363; *St. Paul's Episcopal Church v. Fields,* 81 Conn. 670, 678; *Clarke v. Pierce,* 215 Mass. 552; *Williams v. Peninsular Grocery Co.,* 73 Fla. 937; *Hazlett v. Willaume,* 76 Fla. 514; *Grand Lodge etc. v. State Bank,* 79 Fla. 471.

The obvious meaning of the Negotiable Instruments Act was to confer negotiability upon any instrument of writing which, although sealed, possessed the essentials of a negotiable paper.   The statute enacted in explicit terms that so far as its validity and negotiable character are concerned the instrument is not affected by its bearing a seal.   In other words, the instrument being otherwise negotiable, the seal will be disregarded as interposing any bar to full negotiability. Thus the instrument becomes a statutory negotiable paper, and by a statutory conversion, loses its position and quality as a specialty to the extent both of its negotiable characteristics and of its validity or legal sufficiency as a negotiable instrument.   So, as a negotiable instrument, the paper writing in the instant case is the statutory equivalent of a negotiable promissory note, and therefore it must be assumed that the parties, who are charged with knowledge of the law, understood that the obligation was negotiable, and that their relative rights and liabilities would be construed and determined by the provisions of the Negotiable Instruments Act. *Vanderford v. Farmers' Bank,* 105 Md. 164, 168, 169; *Arnd v. Heckert,* 108 Md. 300, 302; *Dever v. Silver,* 135 Md. 355, 362.

By the express terms of this statute, the note now before the Court is deemed *prima facie* to have been issued for a valuable consideration, and the maker to have become a party

to the note for value, but absence or total or partial failure of consideration is a matter of defense as between the parties or as to any person not a holder in due course. Code, art. 13, secs. 43, 44, 47, 77; *Herrman v. Combs,* 119 Md. 41, 43-44; *Shaffer v. Bond,* 129 Md. 648, 653-661, 663; *Ingersoll v. Martin,* 58 Md. 67, 73, 74; *Black v. Bank of Westminster,* 96 Md. 399, 416; *Harper v. Davis,* 115 Md. 349, 357; *Bear Creek Lumber Co. v. Second Nat. Bank,* 120 Md. 566, 568; *Dever v. Silver,* 135 Md. 355, 362, 363; *Leonard v. Union Trust Co.,* 140 Md. 192, 198, 199; *Arnd v. Heckert,* 108 Md. 300, 302; *Jamesson v. Citizens' Bank,* 130 Md. 75, 83, 84. The Negotiable Instruments Act, therefore, abolishes the conclusive presumption of consideration for a sealed instrument which is otherwise negotiable; but gives to every negotiable paper, whether with or without a seal, the *prima facie* presumption that it was issued for a valuable consideration, and that every person whose signature appears thereon becomes a party thereto for value, subject, however, to the right of the maker, as against any person not a holder in due course, to show affirmatively the consideration to be absent, as in the case of a gift, or to have failed in whole or in part. *Supra;* and *Harper v. Davis,* 115 Md. 349, 357; *De Grange v. De Grange,* 96 Md. 609, 613; *Shaffer v. Bond,* 129 Md. 648, 661-663; *Dever v. Silver,* 135 Md. 362. The cases of *Feeser v. Feeser,* 93 Md. 716, 724, and *Jenkins v. Sullivan,* 110 Md. 539, are not in conflict with this statement of the law, as they present a different record, with other questions than those on this appeal. It is true, each of these decisions was subsequent to the passage of the Negotiable Instruments Act in 1898, and dealt with a sealed instrument, but here the analogy ceases. No question was made of the absence or failure of consideration, which apparently was accepted as being sufficiently established by the presence of the seal to each paper writing, but the principal controversy in each case was whether the instrument was a valid obligation or of a mere testamentary character. But the distinction more pertinent to the appeal at bar is that in neither instance did the facts bring the case within the act,

because the specialty in each would not have been a negotiable instrument, if unsealed. The sealed instrument in the first appeal, also, was executed and delivered on August 24th, 1887, which was prior to the passage of the act, and, therefore, expressly excluded from its operation. Code, art. 13, sec. 18.

No decision of any appellate tribunal has been found or brought to our attention which would be authority for a conclusion different from the one here stated. The case of *Kennedy v. Collins* (1919), 30 Del. 426, is the only conflicting authority we have been able to find. In that case the court instructed the jury that a sealed note was not subject to the defense of want of consideration, since the seal imported consideration. The case was decided after the passage of the Negotiable Instruments Act in Delaware, but the court made no reference to the act, and the weight of the decision is further lessened by the consideration that the decision was made at *nisi prius* in an oral instruction to the jury, without any citation of authority. The decision cannot be accorded the weight of a judgment by an appellate tribunal; and there is no reason why it should prevail over the clear intent of the Negotiable Instruments Act, and the authority of our own and other appellate courts. *Supra.* And see 29 *Yale Law Journal,* 345.

2. As the statute of limitations affects neither the validity nor negotiable character of an instrument, its execution with a seal would continue to make the twelve years period of limitations applicable, but a different problem is presented with respect to pleading. *Clarke v. Pierce,* 215 Mass. 552, 553, Ann. Cas. 1914D, 421. So long as a sealed instrument is regarded as a specialty, the seal either imports a consideration or renders a consideration unnecessary to its validity as an enforceable obligation. Hence at common law the absence or failure of consideration for a sealed instrument was not available as a defense, and neither the usual and proper plea of *non est factum* nor the permissible special pleas at law to an action of debt on a specialty permitted any

such defense to be made. 1 *Poe, Pl. & Pr.,* sec. 625; *Jenkins v. Sullivan,* 110 Md. 539; *Conowingo Land Co. v. McGaw,* 124 Md. 643, 645; *Waldeck v. Emmart,* 127 Md. 470, 476; *Merryman v. Wheeler,* 130 Md. 566, 569.    Consequently, the maker could not set up at law the defense of a total or partial failure of consideration in an action of debt on a sealed instrument, yet the legal right of the maker to maintain this defense against a holder not in due course was inherent in every negotiable instrument, and is expressly assured by the statute.    If this defense be not allowed at law, the instrument under consideration would be deprived of one of the characteristic attributes of negotiable paper, and the purpose of the statute would be defeated to that extent.    Code, art. 13, sec. 47; *Leonard v. Union Trust Co.,* 140 Md. 192, 198, 199.

The logical and necessary conclusion would seem to be that the legislative intent was to put negotiable papers, whether sealed or unsealed, on a common substantive and procedural equality, and so to permit this defense of a total or partial failure of consideration to be made without reference to the presence or absence of a seal to an instrument of writing, if otherwise negotiable.    To allow this defense to be interposed at law is no more anomalous than for a specialty to be a negotiable instrument.    Nor do we see any difficulty in giving practical effect to the clear legislative intent.    By reason of the legislative mandate, the presence of the seal to a paper writing of negotiable form does not affect the substantive rights of the parties with respect to the absence or failure of consideration; and, the cause of action arising *ex contractu,* the form of the action is now in assumpsit by virtue of the provisions of the Acts of 1918, ch. 392 (Code, art. 75, sec. 4), and, so far as procedure is concerned, no distinction is to be made in the pleadings by reason of the presence or absence of a seal upon the instrument, but in every such suit at law it will be sufficient for the defendant to set up his defense of an absence or total or partial failure of consideration under the general issue plea of either

the defendant never promised as alleged, or was never indebted as alleged. 1 *Poe, Pl. & Pr.,* secs. 623, 21, 58; Code, art. 75, sec. 4.

The point here determined does not seem to have been directly passed upon in this court. However, in *Arnd v. Heckert,* 108 Md. 300, which was decided before the Acts of 1918, ch. 392, the action was by an endorsee on an instrument negotiable in form, but having a seal, and the defense taken involved fraud and a failure of consideration. Although the question now under consideration was not raised, the case went to trial and the defense was presented under the pleas of *non assumpsit, nil debet,* and of fraud, with notice to the endorsee. And so in *Dever v. Silver,* 135 Md. 355, which was decided in 1919, there was a suit on a sealed negotiable instrument and the plea of *non est factum* was filed, along with a special plea denying there was any consideration for the instrument, and a third plea setting up a material alteration of the instrument by the subsequent addition of a seal to the paper writing. The pleas were traversed and issues were then joined and the case tried. While the form of the plea raising the question of consideration cannot be said to have been approved, yet the opinion recognized that failure or want of consideration was a good defense to the plaintiff's action. Pages 362, 363. Finding nothing in reason or on authority to the contrary, it would seem a sound conclusion to hold, under our statutory law, that the defense of absence or total or partial failure of consideration for an instrument negotiable in form, but sealed, is available as against any person not a holder in due course, and that such defense may be presented under the general issue pleas of *nil debet* or *non assumpsit. Supra;* and Code, art. 75, sec. 28 (41); *Clarke v. Pierce,* 215 Mass. 552, 553, 554; *Morgan v. Cleaver,* 130 Md. 617, 621.

1. Having stated the rules of law that will control the disposition of the questions on this appeal, the errors assigned as grounds for reversal will now be considered. It should here be observed that the obligation upon which the

action was brought was a statutory negotiable instrument under seal, and the initial and fundamental error of the pleader was declaring upon a bill obligatory "payable to the·said Bertha D. Custis on demand." If the seal to this paper writing be ignored, the instrument described was non-negotiable, as it was averred to be one not payable to order or bearer. Code, art. 13, sec. 20. Hence, the trial court, which had to accept the declaration as framed upon a non-negotiable single bill, should have sustained the appellee's demurrer to the appellant's third and fourth pleas of *non-assumpsit* and *nil debet,* as they were each inappropriate in an action of debt on a non-negotiable specialty. *Supra.* The demurrer to the fifth plea was properly sustained. This plea did not traverse the allegations of the declaration, but alleged that the cause of action was not a non-negotiable specialty but was "a negotiable instrument under the laws of the state in which it was made," and was without consideration. The vice of this plea is that the action was in debt on a non-negotiable specialty, and so, the seal importing a consideration, the correct plea was *non est factum,* which put in issue the execution of the particular cause of action set forth in the declaration. *Supra.* 1 *Poe, Pl. & Pr.,* secs. 625, 638. The fact that the actual contract was a negotiable specialty and not a non-negotiable writing obligatory as stated in the declaration could have been taken advantage of as a variance. *Briand v. Dale,* 2 M. & W. 775; *Trott v. Smith,* 12 M. & W. 688; *North v. Wakefield,* 13 Q. B. 536; *Bullen & Leake, Precedents of Pleading* (3rd Ed.) 467, 468.

2. The action of the court in sustaining the demurrer to the fifth plea to the declaration, and overruling the demurrer to the third and fourth pleas, resulted in a joinder of issue on the first plea of *non est factum,* on the second plea, setting up fraud in the procurement of the writing obligatory, and on the third and fourth pleas of *non assumpsit* and *nil debet.* The parties went to·trial under this anomalous and bad pleading, and the first exception is to the admission in evidence of the paper writing in suit. The appellee proved

the execution and delivery of the instrument and offered it in evidence, and the court overruled the objection to its admissibility. The instrument produced proved to be payable to the order of Bertha D. Custis, and, although sealed, was negotiable in form. As the instrument declared upon was stated to be a non-negotiable writing obligatory, the variance was material, and the paper writing was inadmissible under the pleadings. *Supra;* and *Yingling v. Kohlhass,* 18 Md. 148, 162, 163; 1 *Poe, Pl. & Pr.,* sec. 713.

3. By section 7 of article 35 of the Code, comparison of a disputed writing with any writing proved to the satisfaction of the court to be genuine shall be permitted by witnesses, and such writings and the evidence of witnesses respecting the same may be submitted to the jury or to the court, as the case may be, as evidence of the genuineness or otherwise of the writing in dispute. Under this section the trial court received the evidence of the two attesting witnesses to the will of John T. M. Sturgis, whose signature to the paper writing was disputed, and after they had identified the will and had testified that they had seen the testator write his signature, the will was then submitted to the jury as evidence of the genuineness of the writing in dispute. The court was clearly right. The genuineness of the will is not controverted, and the only ground assigned as error is that, before the attesting witnesses could have identified the paper writing and the signature of the testator, the proponent should have first offered evidence to establish that the will was produced in court by the register of wills, or his deputy, of the county where the original will was probated. For this position the appellant relies on section 365 of article 93 of the Code, which, while requiring that a will, when proven, shall be retained and preserved in the office of the register of wills of the county, nevertheless provides for its production in the custody of the register of wills or his deputy upon a subpoena *duces tecum,* when issued on the special order of court holding the trial. There is no notation among the docket entries, nor does it appear other-

wise on the record, that the trial court passed any special
order for the production of the will, but, nothing to the
contrary appearing in the bill of exception, it must be as-
sumed that the will was in the keeping of the public officer
charged with that duty, and that the will was produced by
and in the custody of that official. However, the section
invoked by the appellant in this court is designed at once
to safeguard the testamentary paper and to make it avail-
able as evidence, and was not intended to affect its admissi-
bility as testimony. Even if the appellee had obtained the
will through illegal means, it would not have been thereby
rendered inadmissible. The evidential relevancy and ma-
teriality of the document was not affected by the manner
of its production, nor was its permitted use contrary to a
sound public policy, since any illegality of the means through
which the appellee had been enabled to get the evidence was
not condoned but merely ignored. 4 *Wigmore on Evidence*
(2nd Ed.) sec. 2133, and notes; and see *Lawrence v. State,*
103 Md. 17, 34, 35; *Archer v. State,* 145 Md. 128, 142,
144; *Blum v. State,* 94 Md. 375.

4. The signature to the paper writing admitted on the
third exception was shown to have been written by the maker
of the obligation, whose signature was disputed, and so was
properly submitted to the jury for the purpose of comparison
under section 7 of article 35 of the Code. *Murdock v. Schin-
del,* 128 Md. 641. But there was error in rejecting the testi-
mony offered under the fourth, fifth, sixth, and seventh ex-
ceptions. The proffers were to show how much the maker
had on deposit in bank on the day he executed the instrument
in question, and that this deposit was equal to the principal
amount of the obligation throughout the intervening period
of two years before the maker's death; that the obligor was
not a borrower but had money to lend generally, and, specifi-
cally, on the day he signed the obligation in suit. The test
here of admissibility is not that the proffered fact is sufficient
to establish the whole or any definite part of the proponent's
contention, but that, according to the ordinary rules of human

thought and human experience as demonstrated in every day life by the usual behavior of the individual, the general course of sequence of events or the normal reaction of material objects, the evidentiary fact offered has some probative value tending to prove a matter in issue without being objectionable on the ground of being likely to confuse the issue, to prejudice a party, to cause unfair surprise, or to possess but slight, remote or merely conjectural significance. *Wigmore on Evidence* (2nd Ed.), secs. 24, 29a, 42, 1904; *Thayer's Cases on Evidence* (2nd Ed.), 229 *et seq.* So, on the issue of fraud under the second plea and under the defense permitted by the pleas of *nil debet* and of *non assumpsit,* the absence of consideration to the negotiable instrument offered in evidence may commonly be shown by the introduction of circumstantial evidence of the attendant circumstances of the transaction, the relative means and resources of the parties, the nature of their personal and financial relations, their subsequent conduct and, generally, such other matters of fact as conduce to establish the charge of fraud or of a want of consideration. *Herrman v. Combs,* 119 Md. 41, 43, 44; *Keedy v. Moats,* 72 Md. 325, 327, 330, 331; *Duttera v. Babylon,* 83 Md. 536, 545-548; *McAleer v. Horsey,* 35 Md. 439, 461; *Harper v. Davis,* 115 Md. 349, 357, 358; *Brooke v. Winters,* 39 Md. 505, 508; *Williamson v. United States,* 207 U. S. 425; *Davis v. Calvert,* 5 G. & J. 304; *Waln v. Waln,* 53 N. J. L. 429; *Montgomery v. Chaney,* 13 La. Ann. 207; *Castle v. Bullard,* 23 How. (U. S.) 172, 187.

The fact that the party to the instrument was possessed of independent resources and was a lender and not a borrower of money, at the time of the execution of the paper and thence continuously to his death, acquires its worth as relevant and material testimony on either the issue of fraud or of absence or failure of consideration, by reason of an association with other pertinent facts and circumstances appearing on this record, which we shall refrain from discussing on account of the necessity for a new trial.

The granted prayers submitted to the jury the execution of the cause of action and the issue of fraud in its procure-

ment, but not the question of the lack of consideration, but in this there was no technical error, since the question of consideration was not before the jury, because there was no legally sufficient evidence of its absence.

The trial court consistently maintained its position that the seal to the instrument in suit precluded a defense on the ground of an absence of consideration. This erroneous conclusion was prejudicial to the appellant, as the trial court apparently accepted the appellee's argument that, even though without a consideration, the instrument was enforceable as a gift. For the errors under the first, fourth, fifth, sixth, and seventh exceptions, the judgment must be reversed for a new trial.

*Judgment reversed, with costs, and a new trial awarded.*