ALBAN TRACTOR COMPANY, INC. *v.* HARRISON

[No. 264, September Term, 1961.]

---

*Decided May 18, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

*A. Frederick Taylor,* with whom were *Martin & Taylor* on the brief, for the appellant.

*Paul Smelkinson,* with whom was *Roland Walker* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

The appeal here is from a judgment of the Circuit Court for Baltimore County, entered upon a verdict in favor of the defendant, Goldie M. Bull Harrison, appellee here, against the Alban Tractor Company, Inc., appellant. It had sued the appellee on the endorsement of a note made by her son, Paul A. Bull, given to the appellant as further security for payment of a balance of $4541.00 then due by the son to the appellant for the purchase of a used Caterpillar tractor and bulldozer.

During October 1958 Paul A. Bull applied to the office of the appellant, and made a contract to trade in a used Caterpillar tractor on account of the purchase of another used Caterpillar and bulldozer, for a total cash price of $5355.00. Because of previous experience with Paul A. Bull, the original order was immediately conditioned by a notation made by the credit manager, "must have endorsement of mother, Goldie M. Bull"

(later Mrs. Harrison, the appellee). As a result of this direction Charles C. Rutledge, a salesman for the appellant, went first to the home of Paul A. Bull, then drove Paul over to the home of the appellee, where the following took place, according to the testimony of Rutledge:

"Q. What took place when she signed it? A. Slightly prior to the time Mrs. Bull signed this, she was hesitant, did not want to become involved in the contract, and I assured Mrs. Bull at that time that the only time she would become involved in this transaction would be unless her son, Paul, defaulted in his payments and at that time the tractor would be taken back, if he defaulted in the payments.

Q. What would her responsibility be? A. None, other than if he defaulted. She assured us we would get the merchandise in return.

\* \* \* \* \*

Q. Tell the Court whether or not there was any discussion from you to Mrs. Bull with regard to her liability for money. A. As I remember there was no talk of that whatsoever, about the money."

The testimony of the appellee conforms to the testimony of the appellant's salesman with respect to her agreement of limited liability. On direct examination, with reference to her conversation with Mr. Rutledge, she testified:

"Q. Would you tell his Honor, in your own words, what he said to you and what you said to him. A. He came to me with this paper, and he asked me, said, 'Your son wants to buy a tractor. We would like to have your signature on this paper to see that if he doesn't pay for it that it will be returned.' That I would be implicated in no money whatsoever. I said, 'Are you sure?' He said 'Yes, that's all I want.' He didn't show me anything to this at all; one part of it was blank. Nothing on it when I signed it.

\* \* \* \* \*

Q. Mr. Rutledge indicated you were hesitant to—
A. Yes, I was, because I said, 'If there's money involved I can't help you out.' He said, 'No, there's no money involved. This is just to see that this piece of equipment is returned if it isn't paid for.' "

Her testimony on cross examination was just as consistent.

It appears from the record that at the time of the transaction involved both Paul A. Bull and his mother, the appellee, resided in Baltimore County near the boundary between Carroll and Baltimore Counties, but the mailing addresses of both of them were Hampstead, which is located in Carroll County. Under the erroneous impression that they were residents of Carroll County, the conditional contract of sale securing the note was recorded in Carroll County rather than in Baltimore County "where the vendee resides," as required by Code (1957), Article 21, § 66.

Although in default as to his payments on the note and contract of sale securing it, Paul A. Bull traded in the Caterpillar tractor and bulldozer in question on account of other equipment with another dealer in Towson, who became a bona fide purchaser without notice of the conditional contract of sale recorded in the wrong county. The appellee testified that no demand was ever made upon her for the return of the tractor and that the first notice she received of her son's default was when she was served with suit papers in a suit filed against her in the Circuit Court for Carroll County. This suit was subsequently dismissed because of improper venue before the institution of the present suit.

The gist of the appellant's contention seems to be that the appellee, by endorsing the note, became an unqualified guarantor and can not escape liability by availing herself of the effect of parol evidence to show that the writing which she signed is not the true contract between the parties. We disagree, because by the terms of Code (1957), Article 13, § 79, a negotiable instrument in the hands of any holder other than a holder in due course is subject to the same defenses as if it were nonnegotiable. In this case the note sued on as the basis for the ap-

pellant's cause of action was in the hands of the original payee and its own witness first gave testimony which substantiated the appellee's defense that she, in endorsing the note, did so under a contemporaneous parol agreement between the parties that she would assume no monetary liability, but merely guaranteed the return of the equipment in the event her son defaulted in his payments. In the case of *Leonard v. Union Trust Company,* 140 Md. 192, 117 Atl. 318, and in a companion case under the same name, 140 Md. 203, 117 Atl. 322, parol evidence was held admissible to show that an endorser had endorsed a note in reliance upon an agreement that a certain fund would be applied to its payment and no such application had been made. In *Jenkins v. First National Bank of Baltimore,* 134 Md. 85, 106 Atl. 174, it was held that it was competent for the defendant to show by parol proof that the note was delivered to be held upon a condition to be performed before the holder's right could attach.

From the uncontradicted testimony of both the appellee and appellant's salesman, in his memorandum opinion the trial judge concluded: "The Court finds as a fact that Plaintiff's agent obtained Mrs. Harrison's signature by way of assurances from which she was entitled to draw the conclusion that, insofar as she was concerned, no monetary liability would or could accrue to her." This finding of fact by the trial judge should not be disturbed "unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses." Rule 886 a.

It is true that in guaranteeing the return of the equipment in the event of her son's default in his payments on the note, the appellee assumed an obligation of suretyship, but here the suit was based upon her endorsement on the note and the trial judge found that her apparent liability had been limited by virtue of the contemporaneous parol agreement for the return of the equipment. It was not necessary to his decision upon the pleadings and evidence for him to consider whether she was relieved of her obligation of suretyship through the erroneous recordation of the conditional contract of sale which did not give constructive notice of the lien upon the equipment when

it was traded to the dealer in Towson, who became a bona fide purchaser for value.

*Judgment affirmed with costs.*