HALL, Judge.
This is a suit for collation instituted by plaintiff, Autrest Boyd Hodges, against her sister, Louise Boyd Adams, defendant herein. Plaintiff sought to invoke the provisions of LSA-Civil Code Article 1248 to compel defendant to collate the value of 20 acres of land defendant had purchased from her mother for $140 (i. e. $7 per acre) in 1949. The mother, Mrs. Mary Cason Boyd, died in August, 1969.
Plaintiff was originally the administra-trix of her mother’s succession, but had to resign for health reasons after this suit was filed. Jessie Eugene Hodges was then appointed administrator of the succession and in a supplemental and amending petition plaintiff named him as an additional defendant herein.
Plaintiff alleges that the value of the land at the time of the original conveyance was $60 per acre and had increased to $150 per acre at the time of her mother’s death in 1969. Plaintiff alleges that the property has been sold by defendant and is not itself subject to recall and that the defendants should be ordered to collate to the Succession of Mary Cason Boyd, the value of the property at the time of her death in 1969, or a total of $3,000.
The evidence^ adduced at the trial as to value of the property consists of two deeds conveying property near the Boyd property in 1948 and 1952 and the testimony of plaintiff and defendant. The trial court held that the plaintiff failed to prove the market value of the property as of the date of the sale and rejected plaintiff’s demands. Plaintiff then perfected an appeal to this Court. We affirm the judgment of the district court.
The sole issue presented to this Court is whether the $7 per acre paid by defendant for the land in 1949 constituted a “very low price” as contemplated by LSA-Civil Code Article 1248, which states:
“The advantage which a father bestows upon his son, though in any other manner than by donation or legacy, is likewise subject to collation. Thus, when a father has sold a thing to his son at a very low price, or has paid for him the price of some purchase, for [or] has spent money to improve his son’s estate, all that is subject to collation.”
The burden of proof in a case such as this has been clearly established by our courts. Both parties agree that the decision in In Re Anderson’s Succession, 231 La. 195, 91 So.2d 8 (1956) correctly de *443 fines the plaintiffs burden of proof in this case.
In Anderson, the Supreme Court held:
“The question for our consideration on this appeal therefore is: What constitutes a ‘very low price’ ?
“This Court held in the early case of Montgomery v. Chaney, 13 La.Ann. 207, that ‘where there is a price actually paid exceeding one-fourth of the value of the property sold, but much below its fair value,’ the law compels the purchaser-forced heir to collate. The value must be ‘proved with reasonable clearness and certainty See, also, Bossier v. Vienne, 12 Mart., O.S., 421; Succession of Lamotte, 110 La. 42, 34 So. 122; Gonsoulin v. Gonsoulin, 132 La. 737, 61 So. 774; Steen v. Louisiana Cent. Lbr. Co., 2 La.App. 39; Berthelote v. Berthelote, La. App., 24 So.2d 191. And, as pointed out in the case of Taylor v. Brown, 223 La. 641, 66 So.2d 578, the criterion by which we are to be guided in deciding whether a property has been sold much below its fair value is the price the property would have brought if placed for sale on the market at the time of the transfer (Emphasis supplied.)
The property in question is located in Red River Parish and was composed of two tracts of land divided by a dirt road. One of the tracts was approximately 16 acres and the other about 4 acres. The only improvements on the property at the time of the conveyance in 1949 were a three-room shotgun house and a small 10x12 barn. The record reflects the land was sandy, hilly and of uncertain value for agricultural pursuits.
Plaintiff offered into evidence two deeds reflecting sales of property in the vicinity of the Boyd property. One of these deeds was for 40 acres of land with improvements in 1948 for a recited consideration of $2,413.97 or approximately $60 per acre. The other deed was a sale of 40 acres with improvements in 1952, for $1,850 or approximately $46 per acre. In each of these transactions the vendor and vendee were the same parties.
The only other evidence is the testimony of the parties themselves. Plaintiff testified in generalities in describing the property as “farmland”, “hill-land” or “sandy”. Both parties testified in effect that the property conveyed in the two deeds was similar to the Boyd property. They testified, however, that the other property had a much larger 7 room house on it and other improvements. Plaintiff testified the other property had been fertilized and she would value it a little more than her mother’s.
No evidence was offered to show that the two sales were arms-length transactions. One of the sales took place three years after the sale in question. Evidence as to the comparable nature of the properties and improvements thereon is scant. There is no evidence as to whether there were other sales in the area. The two isolated sales are not sufficient evidence to establish the market value of the Boyd property in 1949.
It should be noted that the evidence also fails to establish a market value of the property in 1969, the date of Mrs. Boyd’s death. Defendant sold the 4 acre tract for $650 in that year, but that sale alone does not establish a market value for the entire tract on which a judgment could be based.
The district court correctly held the evidence insufficient to establish with reasonable clearness and certainty the market value of the property in 1949, that is, the price it would have brought if placed for sale on the market at the time of the transfer.
For the reasons assigned, the judgment of the district .court is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
Affirmed.