298 So.2d 795 (1974)
ESTATE of Martin SCHWEGMANN
v.
Edmond SCHWEGMANN.
No. 54496.
Supreme Court of Louisiana.
July 1, 1974.
Rehearing Denied August 30, 1974.
*796 James J. Donelon, III, Donelon & Cannella, Metairie, for defendant-respondent.
Louis C. Philips, New Orleans, for plaintiff-applicant.
DIXON, Justice.
This is an action brought on behalf of the Succession of Martin Schwegmann, acting through its coadministrators, against one of the decedent's sons for the return of certain real estate. The record indicates that the defendant purchased the disputed tract of land designated as Lot E8D from his father in 1966 for $6500. Testimony was introduced to show that the lot was worth $43,000 in 1969. Appellant made these alternative contentions: (1) the defendant should be required to collate and/or return the lot in accordance with C.C. 1227 which reads as follows:
"The collation of goods is the supposed or real return to the mass of the succession which an heir makes of property which he received in advance of his share or otherwise, in order that such property may be divided together with the other effects of the succession."
(2) the transfer of Lot E8D to the defendant was a donation in disguise prohibited by C.C. 2444 which states:
"The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale." (Emphasis added).
(3) the transfer should be nullified because it is a simulation as defined in C.C. 2480 which provides:
"In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale."
Although the case seems to have been uncontested, the trial court rendered judgment in favor of the defendant. The Court of Appeal affirmed the decision of the trial court denying collation. 288 So. 2d 385 (1974). Upon application of appellant, we granted a writ of review.
The Court of Appeal held that the only evidence introduced as to the value of Lot E8D was an appraisal of $43,900, made as of February 21, 1969, the date of the decedent's death. No testimony was taken as to the value of the property on April 12, 1966, the date of the sale.
Article 2480 of the Civil Code states that a simulation is presumed where the thing sold remains in possession of the seller who retains possession by precarious title. The Court of Appeal found that the decedent did not maintain possession. Both the trial court and the Court of Appeal found that the defendant paid serious *797 consideration for the property. There is in evidence a copy of a cashier's check purchased by defendant, payable to and endorsed by Martin Schwegmann. We agree that no simulation has been established, and unless the price was below one-fourth of the actual value at the time of the sale, there was no donation in disguise. C.C. 2444.
Collation is the means by which the civil law seeks to enforce a relatively equal distribution of the ancestor's property among the descendant forced heirs. Oppenheim, Louisiana Civil Law Treatise, Successions and Donations, 106 (1973). Relator points out that there is a presumption in favor of collation. C.C. 1230. Whatever is given by a father to a child should be regarded as an advance of the portion that the child may eventually expect to receive from the succession. In the absence of an express declaration of the parent to the contrary, this amount must be collated. C.C. 1229; Champagne v. Champagne, 125 La. 408, 51 So. 440 (1910). Article 1248 of the Civil Code states:
"The advantage which a father bestows upon his son, though in any other manner than by donation or legacy, is likewise subject to collation. Thus, when a father has sold a thing to his son at a very low price, or has paid for him the price of some purchase, for [or] has spent money to improve his son's estate, all that is subject to collation." (Emphasis added).
To determine what constitutes a "very low price," the court must ascertain if the property has been sold much below its fair value at the time of the transfer. Succession of Anderson, 231 La. 195, 91 So.2d 8 (1956); Succession of Boyd v. Adams, 275 So.2d 441 (1973). This value may be ascertained by appraisals made at a later date.
The record before us is incomplete. Copies of the minutes are not included. Plaintiff entered a preliminary default December 1, 1971. Plaintiff then filed a supplemental petition December 22, 1971, and another preliminary default was entered January 27, 1972. Defendant's answer (not dated) seems to have been filed May 22, 1972. The transcript of testimony, filed on July 23, 1973, states that the trial took place May 12, 1972 and that attorneys for plaintiff and defendant made appearances. However, there is no other indication in the transcript that defendant's attorney was present. No evidence was introduced on behalf of defendant.
The trial judge's opinion (and judgment) was dated February 28, 1973.
Whether the proceeding was by default or by consent, a prima facie case was made by plaintiff. It is highly unlikely, from the testimony adduced at the trial, that this two-plus acre tract of ground with house and barn, worth $43,900 on February 21, 1969 was worth only a fraction of that amount in April, 1966. The significance of the three year span between conveyance and transfer was not raised until after plaintiff appealed the uncontested matter that had been decided against it in the trial court.
It is therefore appropriate to remand this case to the district court to take evidence on the question of the value of this parcel of land on April 12, 1966, to determine whether plaintiff is entitled to collation.
For these reasons, the judgment of the Court of Appeal is reversed, and the case is remanded to the district court for further proceedings in accordance with this opinion; assessment of costs is to await final judgment.
SANDERS, C. J., dissents being of the opinion that the judgment of the Court of Appeal is correct. See 288 So.2d 385.