344 So.2d 13 (1977)
ESTATE of Martin SCHWEGMANN
v.
Edmond SCHWEGMANN.
No. 7886.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
Rehearing Denied April 13, 1977.
*14 Louis C. Philips, New Orleans, for plaintiff-appellant.
Donelon, Cannella & Donelon, James J. Donelon, Metairie, for defendant-appellee.
Before GULOTTA, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
This case is before us after a trial on remand pursuant to the judgment of the Supreme Court in Estate of Schwegmann v. Schwegmann, 298 So.2d 795 (1974). The trial judge found that Lot E8C had a value of $28,772 as of April 12, 1966, when it was sold by decedent to his son, Edmond Schwegmann, for $6,500 and then concluded that Edmond Schwegmann must collate the difference to the succession. The judgment provided "It is ordered that Edmond collate the sum of $22,272 to the estate of his father, Martin Schwegmann, with further succession proceedings to reflect this collation. "Only the administrators of the succession have appealed from this judgment. Edmond Schwegmann did not perfect an appeal or answer the appeal of the administrators.
It is appellants' contention that they are entitled to have the property returned to the succession in kind. They contend that the lot sold to appellee was the frontage of property which remains in the succession, and the value of the remainder was reduced by the sale of the lot in question by considerably more than the value of the lot itself. They rely on LSA-C.C. Art. 1229:
"The obligation of collating is founded on the equality which must be naturally observed between children and other lawful descendants, who divide among them the succession of their father, mother and other ascendants; and also on the presumption that what was given or bequeathed to children by their ascendants was so disposed of in advance of what they might one day expect from their succession."
While it is arguable that this article with its general ideal of promoting equality *15 should under the peculiar circumstances of this case require a return of the property in kind the articles of the Civil Code which follow this article specifically provide otherwise. In discussing how collations are made it is said that they are made in kind or by taking less, C.C. Art. 1251. A distinction is made as to movables or immovables, C.C. Art. 1254, and if an immovable has been given the donee has a choice to collate in kind or take less, C.C. Art. 1255. Thus, if this property is subject to collation appellants do not have the right to demand collation in kind since the choice rests solely with appellee.
The evidence adduced at the trial on remand established that the price was less than one-fourth the value of the property at the time of the sale in 1966, so that it was a donation in disguise pursuant to C.C. Art. 2444. Under these circumstances the property is subject to be collated. Schwegmann v. Schwegmann, supra, and Milano v. Milano, 243 So.2d 876 (La.App. 1st Cir. 1971).
However, under the Supreme Court judgment and the law, we believe the trial court erred in ordering that appellee collate the difference between the value of the property at the time of the sale and the amount paid by him in 1966. The judgment of the Supreme Court provided:
"It is therefore appropriate to remand this case to the district court to take evidence on the question of the value of this parcel of land on April 12, 1966, to determine whether plaintiff is entitled to collation."
Pursuant to this mandate the trial court correctly established the value of the property in April, 1966, but this led only to a conclusion that appellants were entitled to collation or, stated otherwise, that the property was subject to be collated. As to the amount to be collated, this is governed by LSA-C.C. Art. 1269, which provides as follows:
"When the donee has elected to collate the immovable property given him by taking less on the part which comes to him from the succession, the collation must be made according to the value which the immovable property had at the opening of the succession, a deduction being made for the expense incurred thereon, in conformity with what has been heretofore prescribed." (Emphasis supplied)
Thus, if appellee elected to collate, the amount would be based upon the property's value on April 22, 1970, when the succession was opened.
Art. 1269 speaks of the time when the donee "has elected to collate the immovable property." It must be read in conjunction with C.C. Art. 1237, which provides the donee with another alternative to that election as follows:
"If children, or other lawful descendants holding property or legacies subject to be collated, should renounce the succession of the ascendant, from whom they have received such property, they may retain the gift, or claim the legacy to them made, without being subject to any collation.
"If, however, the remaining amount of the inheritance should not be sufficient for the legitimate portion of the other children, including in the succession of the deceased the property which the person renouncing would have collated, had he become heir, he shall then be obliged to collate up to the sum necessary to complete such legitimate portion."
Thus, when faced with a judgment of the trial court properly limited to a finding that this property was "subject to be collated" appellee could renounce the succession. Following a renunciation he may retain the property subject to the rights conferred on appellants to seek a reduction in the event that the legitime was impinged upon, pursuant to the second paragraph of Art. 1237.
When he filed his brief in this court on July 26, 1976, (judgment appealed from having been signed on January 27, 1976, and the appeal lodged in this court on May 25) appellee made the following argument:

*16 "Throughout this entire proceeding Edmond Schwegmann, Defendant-Appellee, has taken the position that the transaction in question is a valid act of sale, not subject to the laws of Collation. However the Trial Court has determined that in fact the transaction is subject to Collation. Therefore, Edmond Schwegmann, Defendant-Appellee, at this time has decided to exercise his right to renounce the Succession of his parents, and thereby not be subject to the laws of collation, under the provisions of Louisiana Revised Civil Code of 1870, Article 1237." (Emphasis supplied)
Appellee subsequently filed a certified copy of an act of renunciation of his parents' succession dated July 23, 1976.
Appellants argue that this act of renunciation is outside of the record and should not be considered on appeal. However, since we have considered the judgment of the trial court to be nothing more than an adjudication that this property is subject to be collated with a corresponding election available to appellee to either collate under Art. 1269 or renounce under Art. 1237, we see no basis for ignoring the alleged renunciation. Appellants, in their brief and argument, have alleged that this attempted renunciation is ineffective because appellee has tacitly accepted the succession. It is therefore appropriate to remand the case to have the issue of the validity of the renunciation decided by the trial court.
Accordingly, the judgment appealed from is reversed and set aside, except to the extent that there is judgment in favor of Succession of Martin Schwegmann and against Edmond Schwegmann to the effect that Lot E8D is "subject to be collated" by Edmond Schwegmann to the Succession of Martin Schwegmann.
It is further ordered that this case be remanded to the District Court for further proceedings consistent with this opinion in order that LSA-C.C. Arts. 1237 and 1269 might be implemented.
All costs of this appeal are to be borne by the succession.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.