GARRISON, Judge.
This action was brought by the Estate of Martin Schwegmann, plaintiff-appellant, against Edmond Schwegmann, defendant-appellee, to force the return to the Estate of a piece of property (hereinafter referred to as Lot E-8D) sold by Martin Schweg-mann, now deceased, to Edmond.
The instant appeal is part of the continuing litigation in the case, Estate of Schwegmann v. Schwegmann, 288 So.2d 385 (La.App. 4th, 1972) writs granted, 298 So.2d 795 (La., 1974); 344 So.2d 13 (La.App. 4th, 1977). When this case was last appealed to the Fourth Circuit, the panel of Judges Gulotta, Schott, and Morial remanded the case to the district court for a determination of whether a formal act of renunciation was valid, whether the defendant had tacitly accepted the land, and whether despite the renunciation, if valid, the renouncing heir must still collate up to the sum necessary to complete the legitime under C.C. Article 1237.[1]
In response thereto, the district court rendered the following judgment on March 4, 1980:
“After considering all aspects of this matter, the Court cannot conclude that Mr. Schwegmann made either an express or tacit acceptance of any succession asset, other than, of course, the parcel of land he felt was his by way of an act of sale executed by his father. Accordingly, the act of renunciation is valid.” (emphasis added).
Martin Schwegmann and Nettie Bertin were married and had eight children, all issue of the marriage, namely Frank Eugene Schwegmann, Roy William Schweg-mann, Bertin John Schwegmann, Claire Schwegmann Thibodaux, Marie Louise Schwegmann Adolph, Martin Albert Schwegmann, Edmond Dominic Schweg-mann and August Vieth . Schwegmann, who died on June 29, 1949.[2]
*254 Martin Schwegmann died intestate on February 2, 1969 and Nettie Bertin died intestate on July 2, 1972. Both successions were consolidated and the Bertin succession adopted by reference a descriptive list filed in the Schwegmann succession stating that Martin Schwegmann’s property consisted of $1,600.00 worth of savings bonds and a parcel of ground described as E-8E as per resubdivision survey by J.J. Krebs & Sons, Inc. dated 3/1/66, part of the Original Farm Site E-8 of Ames Farm Subdivision and valued at $63,000.00.
On June 22, 1955, Martin Schwegmann “sold” the following parcels to the following children: E-8A to Frank, E-8B to Edmond, E-8C1 to Bertin, and E-8X to Martin Albert. Although the “acts of sale” recite that the “consideration” was $500.00 per sale, all parties have testified that the consideration was never paid. The three remaining children, Claire, Roy, and Marie Louise, and as well as the heirs of the deceased, August, were not “sold” any property.
On April 12, 1966, Martin Schwegmann sold lot E-8D to Edmond for $6,500.00, which was paid. The Louisiana Supreme Court has found that the lot was valued at $43,000.00 on the date of the father’s death and remanded the case to the trial court to determine the value at the time of sale.[3] The trial court found that the value was $28,772.00 as of April 12, 1966.[4]
On March 24, 1977, Martin Albert Schwegmann, son of Martin and Nettie, died.
On appeal, plaintiff-appellant argues that the trial court erred in failing to award a money judgment against the defendant in order to complete the legitime under C.C. Art. 1237. We fail to see how the trial court could possibly have rendered such a judgment, as a practical matter, due to the present posture of the case and the evidence thus far presented. In order to calculate the mass of the estate, it would be necessary to know all debts of the succession. The record contains no evidence of succession debts. Accordingly, we find that the trial court could not have rendered such a judgment without resorting to sheer speculation and that the trial judge acted properly in refraining from rendering judgment in that regard.
Turning to the other two issues presented by the judgment, we note that the trial court found that the act of renunciation was valid and that no tacit acceptance had occurred. Upon our independent review of the evidence we cannot conclude that the trial judge was manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (1973); Arceneaux v. Domingue, 365 So.2d 1330 (1978).
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.

. C.C. Art. 1237:
“If children, or other lawful descendants holding property or legacies subject to be collated, should renounce the succession of the ascendant, from whom they have received such property, they may retain the gift, or claim the legacy to them made, without being subject to any collation.
If, however, the remaining amount of the inheritance should not be sufficient for the legitimate portion of the other children, including in the succession of the deceased the property which the person renouncing would have collated, had he become heir, he shall then be obliged to collate up to the sum necessary to complete such legitimate portion.” (Emphasis added).

. August Vieth Schwegmann died leaving two legitimate heirs Patricia Schwegmann Stewart and Jesslyn Schwegmann, who are petitioners. *254 They each have a one-half interest in August’s one-eighth interest under the doctrine of representation.

. Estate of Schwegmann v. Schwegmann, 298 So.2d 795 (La. 1974).

. Estate of Schwegmann v. Schwegmann, 344 So.2d 13 (La.App.1977).